## J. H. WOOD v. HARRY NEWELL.[1]

### May 20, 1921.

### No. 22,266.

**Contract with incompetent valid, when — case followed.**

1. A contract with a person of unsound mind will not be set aside or annulled at his suit after restoration to normal condition where it appears that it was entered into in good faith and without fraud, for a fair consideration and without notice of the disability to the other contracting party, and no inequitable advantage has been derived therefrom. Schaps v. Lehner, 54 Minn. 208, followed and applied.

**Rule applied to executory contract for sale of land.**

2. The vendee in an executory contract for the sale of land, though he has not the fee title, may invoke the rule and thus prevent the annulment of the contract.

**Decision for defendant sustained by evidence.**

3. The evidence supports the findings of the trial court, the record presents no reversible error either in the admission or exclusion of evidence, and the findings of fact support the conclusions of law.

Action in the district court for Jackson county to cancel an executory contract for the sale of land. The answer alleged that about a week after defendant had purchased the land he resold it to one P. S. Silly and that he was no longer the owner thereof. The case was tried before Dean, J., and a jury which answered in the negative the question: "Did the plaintiff, at the time of the signing of the contract in question, possess sufficient strength of mind and reason to understand the nature and consequences of his act in executing it?" The court made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

[1]Reported in 182 N. W. 965.

*Wilson Borst* and *Ole Thorson,* for appellant.

*E. H. Nicholas,* for respondent.

BROWN, C. J.

Action to cancel and annul an executory contract for the sale of land in which defendant had judgment and plaintiff appealed.

It appears that plaintiff is the owner of the land in question and has been such owner for some time. On October 10, 1918, by formal writing he authorized Strom & Strom, real estate dealers residing in Jackson, Jackson county, the county wherein the land is situated, to sell the same at the price of $140 per acre, the authority thus granted to continue until revoked by plaintiff on 30 days' notice. Of this authority and the terms thereof there is no dispute on the record. Thereafter on May 5, 1919, H. L. Strom, a member of the firm of Strom & Strom, effected a sale of the land to defendant herein at the price two dollars per acre over the limit fixed by plaintiff. An executory contract, which this suit seeks to set aside, was drawn up, specifying the terms of sale, and submitted to plaintiff for approval. He approved it and formally signed and executed the same and authorized the delivery thereof to defendant, the purchaser, at the same time directing Strom, his agent, to deposit the down payment of $1,000 which the contract called for to the account of plaintiff in the First National Bank of Jackson. The agent delivered the contract to defendant and deposited the down payment, less his commission of $320, as directed by plaintiff, and the deposit was duly credited to plaintiff's check account in that bank. About a week later, as found by the trial court, defendant, acting through another person as his agent, entered into a contract for the sale of the land to one Cilley of the state of Iowa at an advance in the purchase price, which netted defendant a profit over and above a commission paid his said agent.

In August, 1919, plaintiff brought this action to annul the contract on the ground, as alleged in the complaint, that, at the time it was entered into, by reason of an illness of which he was then suffering plaintiff was mentally incompetent to enter into the same. Defendant put in issue the alleged incompetence of plaintiff and affirmatively alleged that, in entering into the contract, he acted understandingly and upon

the advice of his attorney and of the agent Strom; that defendant was not personally present, knew nothing of the alleged incompetent state of plaintiff's mind, and relied in good faith upon the representations and the authority of the agent Strom. Defendant alleged further that the land was at the time of no greater value on the market than the agreed purchase price of $140 per acre. All allegations of new matter were put in issue by a reply.

At the trial one specific issue was submitted to a jury, namely, the question whether, at the time the contract was entered into, plaintiff was laboring under mental disability, and the jury found in his favor thereon, and to the effect that he was mentally incompetent to enter into the transaction. All other issues and questions were tried to the court, and after the return of the special verdict the court made findings covering the whole case, and thereon found as conclusions of law that plaintiff was not entitled to the relief demanded.

The court found, among other things, that the contract price of the land, namely, $142 per acre, was above the real market value thereof at the time, and that the contract was a fair one for plaintiff; that it was entered into under the advice of plaintiff's counsel, as well as on the advice of the agent Strom; that plaintiff personally directed certain terms of the contract, and, at the time he signed it, appeared to his attorney and to Strom as mentally sound and capable of understanding the transaction fully; that the attorney and agent acted in good faith, and, although plaintiff was then in a hospital under the care of physicians, discovered no reason to believe that he was mentally in distress. The court further found that defendant also acted throughout in good faith and had no knowledge of the alleged incompetence of plaintiff; the down payment, less the agent's commission was deposited to the credit of plaintiff, as he directed, and the evidence tends to show that plaintiff checked out at least a part thereof in the course of his ordinary business affairs; no part of the money has been returned, nor offered to be returned.

The court also found that at no time prior to August, 1919, when this action was commenced, or after he had recovered from his illness, shortly after the contract was entered into, did plaintiff in any way repudiate the transaction or express dissatisfaction therewith, and remained wholly

silent upon the subject until the selling price of land in the neighborhood had suddenly increased beyond the price for which this land was sold.

Plaintiff contends in support of the appeal that the verdict of the jury declaring him incompetent at the time the contract was entered into disposes of the merits of the case in his favor and entitles him to a judgment annulling the contract; that the findings of the trial court to the effect that no unfair advantage was taken of plaintiff, that the sale of the land was at a fair price, and that defendant was without knowledge of any mental infirmity on the part of plaintiff and acted in entire good faith, are not supported by the evidence, and, in any event, since defendant has only an equitable interest in the land, insufficient as a basis for the denial of the relief demanded by the action.

We are unable to concur in these contentions. The fact of mental incompetence, standing alone, no doubt is sufficient to support a judicial annulment of a contract. But that fact, though established by the special verdict of the jury, is overcome and this case brought within the rule stated and applied in Schaps v. Lehner, 54 Minn. 208, 55 N. W. 911, by the special facts found by the trial court. It was there held, and the decision is supported by the authorities generally, that a contract with a person of unsound mind will not be set aside or annulled at his suit after recovery from his disability, where it appears that it was entered into in good faith, for a fair consideration and without notice to the other party of facts or circumstances sufficient to put a prudent person upon inquiry as to such mental incapacity, and no inequitable advantage has been derived therefrom. Scott v. Hay, 90 Minn. 304, 97 N. W. 106; 3 Notes on Minn. Reports 1002, and citations.

The findings of the court bring the case within the rule, and show, further, a ratification of the transaction by plaintiff after recovery from his illness in failing promptly to rescind by returning the consideration paid him or offering to do so. The contract unquestionably was a fair one, the sale of the land was at a price of two dollars per acre above that stipulated in the Strom agency contract; there was no fraud, and no inequitable advantage was taken of plaintiff, or secured to defendant. Plaintiff was not insane, nor been so adjudged; the incapacity under which he was laboring was from a severe illness, from which the evi-

dence shows he was rapidly recovering at the time. On these facts the court was fully justified in refusing to annul the contract. 2 Dunnell, Minn. Dig. § 4522. The fact that defendant has only an equitable title to the land does not change the rule stated and here applied. It was so held in Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333, 8 Am. St. 661.

This covers the case and all that need be said in disposing of the various assignments of error. The evidence supports the findings of the trial court and the findings support the conclusions of law.

Judgment affirmed.