# NATHANIEL H. BURCHES v. ABRAHAM GOFFSTEIN AND OTHERS.[1]

December 9, 1927.

No. 26,498.

**Lien of attorneys on money paid to them for their client is not divested by an order entitling their client to vacate the settlement.**
    The retaining lien of attorneys on money paid them in settlement of their client's cause of action is not divested merely by an order of court entitling the client to a vacation of the settlement upon his returning to his adversary the money paid to execute the settlement.

Attorney and Client, 6 C. J. p. 776 n. 86.
Insane Persons, 32 C. J. p. 730 n. 69.

L. J. Dickman as guardian of the plaintiff appealed from an order of the district court for Ramsey county, Boerner, J. dismissing an order to show cause why Charles E. Bowen and Hermon W. Phillips, plaintiff's attorneys, should not return $2,250 which they had received from defendants in a settlement. Affirmed.

*Peterson, Jackson & Brist,* for appellant.
*Charles E. Bowen* and *Hermon W. Phillips,* pro se.

STONE, J.
Pending this action plaintiff was adjudged incompetent by the probate court and L. J. Dickman appointed his guardian. The latter appeals from an order denying his motion for an order requiring Messrs. Bowen and Phillips, plaintiff's attorneys, "to return to the defendants," for the benefit of plaintiff, $2,250, which as attorneys for plaintiff they had received from defendants in settlement of the action. The respondent attorneys claim, not that they are entitled to retain the money absolutely, but that they have an attorney's retaining lien upon it for services rendered plaintiff and disbursements for his account. There seems to be no question of amount as to either fees or disbursements. Respondents stand

[1]Reported in 216 N. W. 793.

ready to pay, not to defendants but to plaintiff, whatever they are not entitled to retain under their lien. That presents the issue, the claim by plaintiff's guardian being that he is entitled to an order requiring plaintiff's attorneys to turn back to defendants for the account of plaintiff all of the sum paid in settlement.

The action was commenced in February, 1926, plaintiff seeking to disaffirm a contract for the exchange of real estate because of his alleged minority at the time the contract was entered into and the alleged fraud of defendants in inducing the contract. In November, through respondents Bowen and Phillips, as plaintiff's attorneys, a settlement was reached, in execution of which a stipulation was entered into with defendants. The substance of the compromise was that defendants should pay plaintiff $2,250 and be released of all further liability. The stipulation was filed and the $2,250 paid Mr. Bowen by a check to him as one of the attorneys for plaintiff. He and Mr. Phillips immediately advised plaintiff that they had the money and were ready to settle with him. But that was never done, possibly because at that juncture others interested themselves on behalf of plaintiff.

Thus matters remained until the adjudication of plaintiff's incompetency and the appointment of his guardian, who then moved for an order vacating the stipulation of settlement upon the ground of plaintiff's incompetency. That motion was first denied, it being the opinion of the learned judge who heard the motion that plaintiff had been

"fully informed and correctly advised by his attorneys. They were not guilty of fraud or bad faith toward him. * * * Plaintiff understood the nature and consequences of his act. * * * Plaintiff was not insane. He has never been adjudged insane. * * * It does not appear that the attorneys and defendants had knowledge of facts or circumstances sufficient to put a prudent person upon inquiry as to plaintiff's alleged mental incompetence. * * * It appears this contract was entered into in good faith, without fraud, for a fair consideration, without notice to defendants or [to] plaintiff's attorneys of plaintiff's alleged mental incapacity. It does not appear that any unjust advantage has accrued from this contract."

There followed promptly a motion to vacate the order denying the original motion, in connection with which oral evidence was taken. It convinced the court that plaintiff was "mentally incompetent" at the time he authorized the settlement and signed the stipulation and that he had been so for "several months next preceding" that transaction. The result was an order providing that within the time set by the order (which has since been extended), "upon the return by plaintiff to defendants" of the sum of $2,250 (and upon the performance of another condition not here material), the stipulation of settlement and resulting dismissal of the action should be vacated and set aside. The effect of that order was not to vacate the settlement but to entitle plaintiff to such a vacation provided that he, not his attorneys, should return to defendants the $2,250 which they had paid in execution of the settlement. That order was made because of the persuasive effect of the new evidence concerning plaintiff's incompetency and also his "expressed willingness to restore to defendants the consideration paid."

For plaintiff, it is argued that he has a right to an order taking away from his attorneys, the respondents, the entire sum of $2,250 regardless of their claim of lien. The premise is that the conditional vacation of the settlement was an adjudication, binding upon the attorneys, of the original invalidity of the contract of settlement. If that premise were sound, if the stipulation and contract (it was both) could be considered void ab initio and had been so adjudged in a proceeding binding upon respondents, the argument for plaintiff might be irresistible. But the fact is otherwise.

Plaintiff is not insane. The character and degree of his incompetence do not appear. All the record shows is that pending the action he was adjudged incompetent and a guardian appointed, and that his incompetence had existed for a time previous to the settlement. Both defendants and plaintiff's attorneys are held free from either knowledge or the imputation of circumstances which should have put them upon inquiry concerning plaintiff's incompetency. So, even though plaintiff had been insane instead of merely incompetent when the settlement was made, the contract would not be void, but voidable only. Schaps v. Lehner, 54 Minn. 208, 55 N. W.

911; Morris v. G. N. Ry. Co. 67 Minn. 74, 69 N. W. 628; Scott v. Hay, 90 Minn. 304, 97 N. W. 106; Wood v. Newell, 149 Minn. 137, 182 N. W. 965.

The next step is to consider the effect of this voidable contract upon the title to the money paid his attorneys for the account and in the right of plaintiff. To say that an executed contract is voidable is to say that it remains a contract, with all the contractual incidents, until it is avoided. So where such a contract in its execution has transferred the title of money or other property, that title remains where the contract has put it until the complete act of avoidance has undone that transfer. Hence, the money paid in settlement of this case became plaintiff's property. Defendants parted with the title and transferred it to plaintiff. In the hands of respondents then, it was his property, subject to their attorneys' retaining lien to secure payment for their services and disbursements. So if nothing has happened to divest plaintiff of his title to that money and put it in somebody else who can claim it adversely to both plaintiff and respondents, they are entitled to retain it until their lien is satisfied. Nothing of that kind has happened. Defendants are not claiming it. Even now, could plaintiff get the whole sum from respondents, he could do as he liked about returning it to defendants. The settlement has not yet been set aside, nor has there been adjudication or order divesting plaintiff of his title. The order referred to as vacating the settlement did so conditionally only, a condition precedent being a return *by plaintiff* to defendants of $2,250. He, not his attorneys, is required to put defendants in statu quo. Therefore, what his guardian is attempting is to take away from his attorneys property of plaintiff in their hands and clearly subject to a lien in their favor. Putting the case in that light, and it can be put in no other, disposes of it, for it is not contended that attorneys in the situation of these respondents do not have a lien upon property of their client in their hands, the fruit of the litigation they are conducting.

These views of the controlling issue make it unnecessary for us to consider the position of respondents with respect to two garnish-

ments to which they have been subjected by creditors of plaintiff. Without any regard thereto, the order appealed from must be affirmed.

So ordered.