**Daisy GRIFFIN, Individually and on behalf of all others similarly situated**

v.

**Joseph A. CALIFANO, Jr., Individually and in his capacity as Secretary of Health, Education and Welfare.**

No. C76–1564A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 27, 1977.

On Motion To Alter Or Amend Judgment Feb. 10, 1978.

Edwin M. Hart, Gainesville, Ga., John L. Cromartie, Jr., Atlanta, Ga., for plaintiff.

William Harper, U. S. Atty. N.D. Ga., Robert Castellani, Asst. U. S. Atty., Atlanta, Ga., for defendant; Carl H. Harper, Reg. Atty., HEW, S. P. Georgeson, F. Richard Waitsman, Asst. Regional Attys., Atlanta, Ga., of counsel.

## ORDER OF COURT

MOYE, District Judge.

This class action for declaratory and injunctive relief requests the Court to declare unconstitutional certain portions of the regulations promulgated by the defendant Department of Health, Education and Welfare (HEW), at 20 C.F.R. § 416.533 *et seq.*, as those regulations are construed and applied by defendant. The case is presently before the Court on cross motions for summary judgment.

The complex facts of this case have been fully set forth in the order of this Court dated April 27, 1977, so only a brief factual outline is necessary here. Daisy Griffin and her husband, Warren, were receiving Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* They were both disabled and received SSI as an eligible couple prior to Warren's death in October 1974. Following Warren's death, Mrs. Griffin continued to receive individual SSI. On January 14, 1977, HEW made an initial

determination which revealed that some of the payments made to the Griffins between August 1, 1974, to December 31, 1976, were less than the amount that should have been paid. Pursuant to 20 C.F.R. § 416.538, HEW treated this as a single accounting period and further determined that, although the Griffins had received a total of $873.60 less that which they were due during some of the months of that period, they had received a total of $924.10 as overpayments during some other months of that same period. Acting pursuant to its interpretation of 42 U.S.C. § 1383(b) and 20 C.F.R. §§ 416.537–416.538, HEW compared the underpayments and overpayments and found that Mrs. Griffin had received a net overpayment of $50.50. HEW then waived the repayment of this amount and concluded that. Mrs. Griffin's payments were balanced.

■■■ Plaintiff contends that the process of considering the months of August 1974 through December 1976 as a single accounting period and offsetting underpayments with overpayments is unconstitutional in that it denied plaintiff a hearing prior to reducing an SSI benefit. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This appears to be a question of first impression. Procedural due process imposes restraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Constitution. The Supreme Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest. HEW does not contend that plaintiff should not be granted a hearing in this case, but only that a post setoff hearing as detailed at 20 C.F.R. 1401 et seq. provides all the process that is constitutionally due before the account of an SSI recipient is finally settled because it grants the right to be heard at "a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965).

■■■ It has held that the resolution of the constitutional sufficiency of administrative procedures requires consideration of three factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975). Plaintiff argues that her interest in the total amount determined to be underpaid is substantial because SSI income is a minimum subsistence level of income and that the loss of even part of that income will dramatically affect her ability to meet her basic necessities of life. *Cf. Goldberg v. Kelly, supra* (termination of welfare benefits found to result in grievous loss). It is argued that the $873.60 is an SSI benefit which is overdue and that to offset that amount with overpayments is a reduction of those SSI benefits without the necessary prior hearing.

The Court disagrees that plaintiff's interest in the $873.60 is substantial. Even if it were accepted that SSI benefits were entitled to the same protections as welfare benefits, the entire $873.60 is not an overdue SSI benefit. The amount of overdue SSI benefits is calculated by comparing the amount which should have been paid to plaintiff with the amount that actually was paid. The actual amount paid to plaintiff includes the amount which she previously received as overpayment. Thus, plaintiff's substantial interest extends only to any net underpayment.

Plaintiff argues that HEW's calculation may be incorrect thereby resulting in payment of less benefits than she deserves. Her interest in receiving correct benefits is substantial and could easily be protected if HEW granted a hearing during the calculation of underpayments, overpayments and offset amounts. The Court acknowledges that due to error, the calculated overpay-

ments could be inflated and the underpayments deflated so that, following setoff, plaintiff would still receive less than she deserves. Indeed, there is no guarantee that any of the figures used by HEW will be correct. However, plaintiff's interest in a correct determination is not so great that the administrative initial determinations of net overpayments or underpayments must be interrupted by a full adversary hearing. Plaintiff has the right to a hearing at any time she disagrees with the amount of payment which she has received, 42 U.S.C. § 1383(c)(1); 20 C.F.R. §§ 416.558 and 416.1404. She also has the right to a full hearing, following any setoff procedure, to challenge the calculations used by HEW. But plaintiff has no right to be informed of the amount of gross overpayment and underpayment and granted a hearing to determine the accuracy of those calculations. Indeed, such a procedure would only delay the payment of any net underpayment or waiver of any net overpayment until a hearing could be granted. Plaintiff's interest in accurate payments must be balanced against the administrative nightmare that would be created if pre-setoff hearings were granted. The Court concludes that plaintiff's interest in accurate payment is fully protected by the process of post-setoff hearings.

Plaintiff argues further that her interest extends to the entire gross underpayment of $873.60 because of her right to seek a waiver of recoupment of the $924.10 overpayment pursuant to 42 U.S.C. § 1383(b) and 20 C.F.R. 416.550. Plaintiff concludes that if she is notified of the total amounts of overpayment and underpayment for the period in question, she can seek a waiver of the overpayment and therefore be entitled to the entire $873.60 as SSI benefit overdue. The Court concludes that plaintiff's interest in this regard is minimal at best. The waiver privilege is intended to avoid undue hardship on SSI recipients and must be tested in the light of equity and good conscience. See 42 U.S.C. § 1383(b). This provision is not intended to provide a means for securing windfall profits from administrative errors. Any interest in achieving a

waiver so as to reap benefits above those which are due, exceeds plaintiff's interest in maintaining the "very means of existence" referred to in *Goldberg*. The Constitution does not require a prior hearing in such a situation. *Mathews v. Eldridge, supra.*

For these reasons, the Court finds that plaintiff has no interest which demands protection by a hearing prior to defendant's setoff procedure. Having so found, the Court concludes that defendant's regulations, as challenged here, are constitutionally sufficient. However, plaintiff further argues that she was denied the right to a hearing after the setoff was made. The right to such a hearing is clearly set forth in 42 U.S.C. § 1383(c)(1) which provides:

> The Secretary shall provide reasonable notice and opportunity for a hearing to any individual or eligible spouse and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits, or the amount of such individual's benefits, if such individual requests a hearing on the matter in disagreement within thirty days after notice of such determination is received.

The policy of giving notice of a hearing is clearly set forth in 20 C.F.R. §§ 416.558 and 416.1404. Plaintiff seeks an injunction requiring defendant to abide by these provisions. HEW acknowledges the right to such a hearing and has explained that the failure to give notice to plaintiff of her right to a hearing was due to administrative error. Since the filing of this civil action, plaintiff has been belatedly informed of her opportunity for a hearing and such opportunity remains open. Accordingly, the Court concludes that the portion of plaintiff's complaint which seeks an injunction requiring defendant to grant her right to a post-setoff hearing has been rendered moot.

In conclusion, defendant's motion for summary judgment affirming the constitutionality of the setoff procedure is GRANTED. The remainder of plaintiff's complaint is considered moot.

**434**

## ON MOTION TO ALTER OR AMEND JUDGMENT

This civil action which was brought to recover social security benefits is presently before the Court on plaintiff's motion, pursuant to Fed.R.Civ.P. 59, to alter or amend the judgment entered against her on December 27, 1977. Plaintiff argues that the Court was incorrect in upholding the constitutionality of defendant's payment adjustment procedures. However, plaintiff presents no new legal or factual arguments and her motion to amend the judgment is merely an attempt to relitigate the issues which have previously been decided. For that reason, the Court will not reconsider its decision of December 27, 1977, regarding the constitutionality of defendant's procedures.

Plaintiff further contends that this Court failed to address her statutory claims. The order of December 27, 1977, clearly indicates that this Court considered those claims to be moot. By this motion, plaintiff apparently seeks to revive her statutory arguments that the Social Security Act, 42 U.S.C. § 1383(c), requires defendant to provide reasonable notice and opportunity for hearing to any recipient who is in disagreement with a determination made by the Secretary. Defendant admits that such notice and hearing have been provided, albeit belated. Thus, the real question presented is: To what relief is plaintiff entitled because of defendant's mistakenly late notice? Plaintiff seeks an injunction ordering defendant to grant a prompt hearing. Such an injunction would be inappropriate in light of defendant's present willingness to hold such a hearing at plaintiff's request. See ¶ 7 Affidavit of Gordon M. Sherman attached to defendant's motion for summary judgment. Furthermore, plaintiff seeks to have this Court go one step further and order defendant to pay to plaintiff the full amount which is due to her. Such an injunction is also inappropriate. It would assume that plaintiff has had money incorrectly withheld. The Court has previously upheld the procedure used by the defendant for determining the amount of benefits due to a recipient. Whether or not the calcula-

tions have been made correctly should be first resolved by the agency during plaintiff's § 1383(c) hearing. For these reasons, plaintiff's statutory claims have been rendered moot by the previous decision of this Court and by defendant's willingness to provide a hearing. This was the conclusion reached in the order of December 27, 1977. Accordingly, plaintiff's motion to alter or amend the judgment is DENIED.