Maxine WEBB, Appellant,

v.

Otis R. BOWEN, Secretary of Health & Human Services, Appellee.

No. 87–1503.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1988.

Decided June 29, 1988.

Marilyn Rauch, Little Rock, Ark., for appellant.

Karen J. Sharp, Dallas, Tex., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Maxine Webb appeals from a judgment affirming the Secretary of Health and Human Service's method of computing the amount of social security insurance overpayments made to Webb. Webb attacks 20 C.F.R. § 404.504 (1987), the regulation which requires that any overpayments be reduced by the amount of underpayments to the same claimant, thereby eliminating the claimant's opportunity to receive a waiver of the offset portion of the overpayment. She argues that the regulation contradicts the intent of the statute under which it was promulgated. 42 U.S.C. § 404 (1982) (present version at 42 U.S.C.A. § 404 (West Supp.1987)). She also argues that adjustment of her benefits without a hearing as to the propriety of waiver of the offset amount violates her due process and equal protection rights. We affirm the judgment of the district court.

Maxine Webb received social security benefits on her husband's account pursuant

to an application filed on February 1, 1971. On February 13, 1984 Social Security notified her that she had not been entitled to receive benefits on this account after August 1976, because she and her husband had divorced. She was informed that after crediting her with an underpayment on this account, the amount of overpaid benefits was reduced to $2,316.80. Webb was also informed of her right to request the Secretary to waive recovery of the overpayment. This request was first denied, but after a *de novo* hearing the ALJ found that Webb was without fault and recommended that the Secretary waive recovery of the net overpayment, which was ultimately found to be $2,479.60. Webb then requested that the Appeals Council amend the decision of the ALJ and waive the entire amount of the overpayment, $7,039.90, without any offset for the underpayment of $4,560.30. This request was denied, the ALJ's decision became the final decision of the Secretary, and Webb sought review in the district court.[1]

Webb argues that in promulgating and applying the regulations requiring offsetting of under and overpayments, the Secretary has violated the intent of Congress in enacting 42 U.S.C. § 404(b) (1982). Section 404(b)[2] provides that any beneficiary under the Social Security Old–Age, Survivors and Disability Insurance Program who receives an overpayment for which he is not to blame is entitled to a waiver of that overpayment if recovery of the overpayment "would defeat the purpose of [the program] or would be against equity and good conscience."

42 U.S.C. § 404(a) (1982) (present version at 42 U.S.C.A. § 404(a) (West Supp.1988))[3] leaves to the Secretary the task of determining the amount of any such overpayment and promulgating regulations for making proper recovery of overpayments. The Secretary promulgated 20 C.F.R. § 404.504 (1987),[4] which provides that the method for ascertaining an under or overpayment is to "net" the under and overpayments against each other, to arrive at a single figure for the amount due to or from the beneficiary. *Cf.* Social Security Ruling 81–19a (in applying 20 C.F.R. § 404.504, Secretary used method described in 20 C.F. R. § 416.538 (1987)).[5] Although the Secretary's regulation only calls for the application of arithmetic to find the sum due or owing the beneficiary, in cases like Webb's the regulation also has the effect of denying the beneficiary the opportunity to receive a waiver of the part of the overpayment used to offset the underpayment. Webb argues that this effect violates the intent of Congress in enacting the waiver provision of section 404(b).

In 42 U.S.C. § 405(a) (1982) Congress conferred on the Secretary "full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter,

---

**1.** The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

**2.** Section 404(b) states:
   In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

**3.** The relevant part of section 404(a) states:
   Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary * * *.

**4.** 20 C.F.R. § 404.504 (1987) states in relevant part: "The amount of an overpayment or underpayment is the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled."

**5.** 20 C.F.R. § 416.538 (1987) states in relevant part:
   The amount of an underpayment or overpayment is the difference between the amount paid to a recipient and the amount of payment actually due such recipient for a given period. An overpayment or underpayment period begins with the first month for which there is a difference between the amount paid and the amount actually due for that month. The period ends with the month the initial determination of overpayment or underpayment is made.

which are necessary or appropriate to carry out such provisions * * *."

Judicial review of administrative regulations is closely circumscribed when Congress has not addressed the question at issue and has granted the agency authority to issue regulations to implement a statute. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *NLRB v. United Food & Commercial Workers Union*, —— U.S. ——, 108 S.Ct. 413, 421, 98 L.Ed.2d 429 (1987). Such regulations survive "unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782.

Congress did not address the method to be used in determining the existence of an under or overpayment, and there is no statutory authority mandating that the Secretary use separate figures for each month, rather than the aggregate approach he has adopted.

■ The Third Circuit has considered the Secretary's method of offsetting under and overpayments and has held that it is a permissible interpretation of Section 404(a), which requires the Secretary to determine the amount of the under or overpayment. *Lugo v. Schweiker*, 776 F.2d 1143 (3d Cir. 1985). The *Lugo* court reasoned:

> SSA's decision to net *all* errors—both underages and overages—and then inform the claimant of the single differential is reasonable from an administrative point of view, in that SSA can thereby avoid a multitude of confused notices and hearings.

*Id.* at 1148. Since section 404(b) only grants an opportunity of waiver of the amount found to be overpaid under section 404(a), Webb has received all she was entitled to under section 404(b).

We agree with the Third Circuit's conclusion that the Secretary's procedure of offsetting under and overpayments is neither arbitrary, capricious, nor manifestly contrary to section 404(b) and therefore we reject Webb's challenge to this method of calculating her overpayment.

■ Webb also argues that under the Social Security Act and the equal protection and due process clauses of the Constitution she was entitled to a hearing on the method of calculating her overpayment before the Social Security Administration made the offset. Having upheld the Secretary's regulation as a permissible interpretation of Section 404(a), we can give summary treatment to these arguments. In *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), the Supreme Court distinguished determinations under section 404(b), which require prior hearing, from determinations under section 404(a), which do not:

> [U]nlike the Court of Appeals in this case, we do not think that the rare instance in which a credibility dispute is relevant to a [section 404(a)] claim is sufficient to require the Secretary to sift through all requests for reconsideration and grant a hearing to the few that involve credibilty. * * * Nor do the standards of the Due Process Clause, more tolerant than the strict language here in issue, require that prerecoupment oral hearings be afforded in [section 404(a)] cases.

*Id.* at 696, 99 S.Ct. at 2555. The Third Circuit applied this reasoning to a case specifically involving the Secretary's netting of under and overpayments. *Lugo*, 776 F.2d at 1149, 1151–52; *accord, Griffin v. Califano*, 448 F.Supp. 430 (N.D.Ga. 1978), *aff'd*, 608 F.2d 1371 (5th Cir.1979) (summary affirmance). We agree with the Third Circuit's reasoning and hold that there was no statutory or constitutional right to a pre-recoupment hearing.[6]

We affirm the judgment of the district court.

---

**6.** Webb has cited an unpublished district court opinion, incorporating the transcript of a ruling from the bench, *Everhart v. Bowen*, No. 85–2–2590 (D.Colo. April 14, 1987), based on the dissent in *Lugo v. Schweiker.* We do not give precedential weight even to our own unpublished opinions, *see* 8th Cir.R. 8(i), and as *Everhart* has been appealed and is now pending before the Tenth Circuit, we do not consider it persuasive.