**John D. GUMERSELL; Mary K. Gumersell, Appellants,**

v.

**DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY; Federal Emergency Management Agency, Appellees.**

No. 91–1324.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Dec. 2, 1991.

John D. Gumersell, St. Louis, Mo., pro se.

Antonio M. Manansala, on brief, for appellants.

Michael B. Hirsch, Washington, D.C., argued (Stephen B. Higgins, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., and Ellen M. Neubauer, Washington, D.C., on brief), for appellees.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

John D. Gumersell and Mary K. Gumersell ("appellants") appeal from a final order entered in the United States District Court[1] for the Eastern District of Missouri granting summary judgment in favor of the Director of the Federal Emergency Management Agency ("FEMA") and FEMA (together "appellees"). By this civil action, appellants seek recovery of relocation costs under a one-year standard flood insurance policy issued by FEMA pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001–4128. For reversal, appellants argue that the district court erred in holding as a matter of law that appellants have not met statutory and reg-

---

**1.** The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

ulatory requirements for recovery of relocation costs under their policy. For the reasons discussed below, we affirm the judgment of the district court.

## Background

Appellants own a summer home on Plattin Creek in Jefferson County, Missouri ("the Property"). The Property was insured by a one-year standard flood insurance policy, effective May 17, 1987, issued by FEMA pursuant to the National Flood Insurance Act of 1968 ("the Act"), 42 U.S.C. §§ 4001–4128.

While appellants' policy was in effect, the Act was amended by the so-called "Upton–Jones amendment," codified at 42 U.S.C. § 4013(c). That provision states in pertinent part:

(c) **Schedule for payment of flood insurance for structures on land subject to imminent collapse or subsidence**

(1) If any structure covered by a contract for flood insurance under this subchapter and located on land that is along the shore of a lake or other body of water is *certified by an appropriate State or local land use authority* to be subject to imminent collapse or subsidence as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels, the Director [of FEMA] shall *(following final determination by the Director that the claim is in compliance with regulations developed pursuant to paragraph (6)(A))* pay amounts under such flood insurance contract for proper demolition or relocation. . . .

\*　　\*　　\*　　\*　　\*　　\*

(6)(A) The Director *shall* promulgate regulations and guidelines to implement the provisions of this subsection.

(B) Prior to issuance of regulations regarding the State and local certifications pursuant to paragraph (1), all provisions of this subsection shall apply to any structure which is determined by the Director—

(i) to otherwise meet the requirements of this subsection; and

(ii) to have been *condemned by a State or local authority* and to be subject to imminent collapse or subsidence as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels.

42 U.S.C. § 4013(c)(1), (6) (emphasis added).

On December 7, 1988, appellants filed a notice of loss with FEMA seeking to recover $27,100 in relocation costs under the policy. The notice of loss states "[i]nsured is concerned that with the next flood the dwelling will be severely damaged if not swept away. Coverage is provided under the Upton Amendment." By letter dated February 6, 1989, a claims examiner for the FEMA National Flood Insurance Program informed appellants that in order for them to recover such benefits, "the insured structure must be certified or condemned by a state or local authority having jurisdiction over the property." In response, appellants forwarded to the claims examiner a letter dated February 27, 1989, from the Jefferson County Building Commission, which states "[t]he erosion [at the Property] was caused by flood waters and your home is subject to imminent collapse or subsidence as a result from further erosion or undermining caused by currents of water exceeding anticipated levels."

By letter dated May 31, 1989, the Federal Insurance Administrator, FEMA's delegated agent, denied appellants' claim, making the final determination that "[t]he claim for benefits under [42 U.S.C. § 4013(c) ] is disallowed because the structure has not been condemned by an appropriate State or local land use authority or certified by the State as required under [42 U.S.C. § 4013(c) ]."

On May 23, 1990, appellants filed this action for breach of contract in the United States District Court for the Eastern District of Missouri. Appellees moved for summary judgment on grounds that the undisputed facts pertaining to appellants' claim for benefits failed to establish appellants' entitlement to relocation costs because the Property had been neither condemned nor appropriately certified as required under applicable statutes and regu-

lations. The district court granted appellees' motion for summary judgment, thus upholding the agency's denial of benefits. *Gumersell v. Director,* No. 90–985C(1) (E.D.Mo. Dec. 3, 1990) (Memorandum; Order). This appeal followed.

### Discussion

*The Statutory/Regulatory Framework*

The Upton–Jones amendment sets forth two basic methods by which an insured may recover flood insurance benefits under its provisions. Briefly summarized, the insured may obtain such benefits if: (1) the Director of FEMA has determined that the insured property has been condemned by a State or local authority and is subject to imminent collapse or subsidence as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels (42 U.S.C. § 4013(c)(6)(B)); or (2) the insured property has been certified by an appropriate State or local land use authority to be subject to imminent collapse or subsidence as a result of the requisite flood conditions (42 U.S.C. § 4013(c)(1)), provided such certification is consistent with applicable regulations and guidelines promulgated by the Director of FEMA (42 U.S.C. § 4013(c)(1), (6)(A)).

Pursuant to § 4013(c)(6)(A), the Director of FEMA promulgated applicable regulations, found at 44 C.F.R. §§ 63.1–63.18 (1990). These regulations provide, in pertinent part, that a State may obtain authority to certify structures subject to imminent collapse due to erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels provided specific criteria have been met by the State and the State has applied for and received from FEMA authorization to certify such flood-endangered structures. 44 C.F.R. §§ 63.1–63.18. The regulations do not provide for certification by local authorities.

The regulations promulgated by the Director of FEMA to implement the Upton–Jones amendment were originally published for comment on September 23, 1988, in the

Federal Register. 53 Fed.Reg. 36,973–36,-977 (1988) (to be codified at 44 C.F.R. §§ 63.1–63.18). The preamble to the interim rule setting forth the regulations states:

Although Pub.L. 100–242 [codified at 42 U.S.C. § 4013(c)] provides for the eventual certification of imminent collapse by both State and local authorities, *this interim rule only allows for State certification to be made by States that meet the qualification criteria defined in the rule.* Furthermore, because riverine erosion data is generally not available, nor is the criteria of imminent collapse defined in this rule applicable to riverine areas, certifications by approved States is restricted to coastal areas, including the Great Lakes. *Claims for benefits in riverine areas will continue to be evaluated on the basis of condemnation.*

*Id.* at 36,974 (emphasis added).

*Summary Judgment*

In this case, the Property has never been condemned and there is no factual dispute concerning condemnation.[2] Rather, the sole issue in this case is whether the district court erred in granting appellees summary judgment under the certification requirement set forth in the Upton–Jones amendment, 42 U.S.C. § 4013(c), and the regulations promulgated pursuant thereto, 44 C.F.R. §§ 63.1–63.18.

We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (*Celotex*); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2510–2511, 91 L.Ed.2d 202 (1986). Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of sum-

---

**2.** Appellants concede they prefer that the Property not be condemned so that they may contin-

ue to use it in its present state.

mary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

■ Compliance with the certification requirement set forth in 42 U.S.C. § 4013(c) and 44 C.F.R. §§ 63.1–63.18 is an essential element of appellants' case, on which appellants bear the ultimate burden of proof. The district court granted summary judgment against appellants because they failed to make a sufficient showing of compliance with those provisions. *Gumersell v. Director*, No. 90–985C(1), slip op. at 5 (Memorandum) ("no genuine issue of material fact exists as to a controlling question raised by [appellants'] complaint ...").

Appellants assert two basic grounds on which this court should reverse the district court's grant of summary judgment. First, appellants generally challenge the district court's interpretation and application of 42 U.S.C. § 4013(c) and 44 C.F.R. §§ 63.1–63.18. Second, appellants argue that genuine issues of fact exist such that appellees are not entitled to judgment as a matter of law. We disagree.

■ Appellants first suggest that the district court erred on the law by giving any deference to FEMA's regulations. Appellants contend that the district court's reliance upon the regulations in effect permits FEMA to make law contrary to the intent of Congress because certification of flood-endangered structures by local authorities was not provided for in the regulations, although contemplated in the statute.

In response, appellees cite *Webb v. Bowen*, 851 F.2d 190 (8th Cir.1988) (*Webb*), in which a claimant of social security benefits challenged the validity of certain social security regulations on grounds that the Secretary of Health and Human Services had violated the intent of Congress in promulgating and applying those social security regulations. In affirming the district court's judgment in favor of the agency,

this court explained "[j]udicial review of administrative regulations is closely circumscribed when Congress has not addressed the question at issue and has granted the agency authority to issue regulations to implement a statute.... Such regulations survive 'unless they are arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* at 192 (citations omitted).

Under the standard enunciated in *Webb*, the regulations set forth at 44 C.F.R. §§ 63.1–63.18 are valid because they are not arbitrary, capricious or contrary to the statute (42 U.S.C. § 4013(c)). Accordingly, we hold that the district court did not err in relying upon those regulations in granting summary judgment for appellees.

■ Appellants also dispute the district court's interpretation and application of the statute and regulations. In reaching its summary judgment decision, the district court stated "[b]ecause [appellants] rely on a letter from the Jefferson County Building Commission attesting to the condition of their property, the dispute in the instant case arises in interpreting what is required of certification from a local, rather than state, authority." *Gumersell v. Director*, No. 90–985C(1), slip op. at 2. The district court reasoned:

> Clearly, Congress, in enacting § 4013 in its current form, intended that local certification ultimately be one of several options for satisfying [the certification] portion of the prerequisites for policy benefits. Equally clear, however, is the fact that the Director of FEMA, whether by inadvertence or design, has not yet issued regulations setting forth the specifics of such certification.

*Id.* at 3.

The district court went on to conclude that there were two viable interpretations of the applicable regulations: first, that in view of the exclusive language of the regulations, only States could carry out such certifications provided the criteria and eligibility requirements set forth in the regulations were met[3]; or second, that local au-

---

**3.** We believe this is the correct interpretation of    the regulations. Under this interpretation, local

thorities implicitly could also carry out such certifications but, again, only if the specified criteria and eligibility requirements in the regulations were met. *Id.* at 4-5. The district court held that under either interpretation, appellants' claim for benefits would be legally insufficient under the undisputed facts of the case. *Id.*

The district court rejected a third possible interpretation which would allow local authorities, such as the Jefferson County Building Commission, to certify flood-endangered structures under § 4013(c) without having met any of the criteria or eligibility requirements of the regulations. Such an interpretation, the district court concluded, "runs counter to any reasoned approach" to the issue. *Id.* at 5.[4]

■ The district court, resolving all reasonable inferences in the light most favorable to appellants, interpreted the regulations as broadly as reasonably possible. Although the documented history of the regulations suggests the Director of FEMA did not intend to allow local agencies authority to certify flood-endangered structures pursuant to 42 U.S.C. § 4013(c) (*see* 53 Fed.Reg. 36,974 (1988)), the district court considered it possible that a local agency could become so authorized if the requirements imposed on the States were met by the local agency. Even under this interpretation, appellants could not recover relocation costs because the record is completely devoid of evidence that the Jefferson County Building Commission has met the regulatory requirements. Accordingly, we hold the district court did not err in concluding that the letter from the Jefferson County Building Commission was insufficient as a matter of law to satisfy the certification requirement and therefore appellants have failed to raise an issue of fact as to an essential element of their case.

■ Appellants additionally suggest a number of areas where the district court should have found a genuine issue of material fact. For example, appellants argue that there is evidence that the Property is subject to imminent collapse or subsidence. Appellees have never disputed that appellants' property is in danger of imminent collapse. However, consistent with the reasoning in *Celotex*, this fact has no bearing on the district court's grant of summary judgment. Regardless of whether the Property is subject to imminent collapse, the absence of any reliable evidence that the Property was properly certified or condemned is fatal to appellants' claim for relocation costs pursuant to 42 U.S.C. § 4013(c). *See Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Appellants also argue that because the statutory and regulatory framework is inherently ambiguous, their insurance contract is likewise ambiguous, thereby creating an issue of fact as to contract interpretation. Appellants' ambiguity arguments were implicitly addressed and resolved by the district court which found only two reasonable interpretations of the regulations in issue and held that under either interpretation appellants are not entitled to relief. While appellants may be entitled to a liberal construction of their policy, they are not entitled to an unreasonable one.

## Conclusion

The court has considered appellants' remaining arguments and finds them to be without merit. Therefore, for the foregoing reasons, we hold that the district court did not err in determining that the

---

authorities could still trigger an insured's right to recover benefits by condemning property that is subject to imminent collapse or subsidence, consistent with 42 U.S.C. § 4013(c)(6)(B).

4. Appellants argue that there is an insufficient factual basis for the district court's analysis of the law. Appellants suggest that further research into background areas such as legislative history and intent, and agency policy, is re-

quired before a final informed decision on the applicability of the relevant statutes and regulations can be made. The district court's decision was a well-reasoned interpretation of the law. Moreover, it was appellants' responsibility, not the district court's, to make the case for their position at the time the summary judgment motion was heard; this appeal should not be used to get a second bite of the apple.

record in its entirety fails to raise any genuine issues of material fact and that appellees are entitled to judgment as a matter of law. The judgment of the district court is affirmed.