TSI INCORPORATED; TSI Domestic
International Sales Corporation,
Appellants,

v.

UNITED STATES of America, Appellee.

No. 91–3766.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1992.

Decided Oct. 8, 1992.

---

**3.** Appellant's pending Motion to Appoint Counsel is referred to the district court for appropriate action.

26

William L. Killion, Minneapolis, Minn., argued (Robert J. McReavy, on the brief), for appellants.

Sara S. Holderness, Washington, D.C., argued (James A. Bruton, Gary R. Allen and David English Carmack, on the brief), for appellee.

Before WOLLMAN and HANSEN, Circuit Judges, and ROY,* Senior District Judge.

ROY, Senior District Judge.

Appellants, TSI Incorporated and TSI Domestic International Sales Corporation (respectively "TSI" and "TSI DISC"), appeal from a judgment of the district court[1] granting summary judgment in favor of the United States upon appellants' complaint for tax refund. For the reasons set forth below, we affirm.

## I. BACKGROUND

### A.

Due to serious concerns about deficits in the United States' balance of trade with various foreign nations, Congress enacted certain tax incentives calculated to put American companies engaging in international trade through a domestic subsidiary in a more competitive position with respect to companies marketing goods abroad through a foreign subsidiary. As part of the Revenue Act of 1971, Congress passed Pub.L. No. 92–178, 85 Stat. 535, which, in sections 991 through 997 of the Internal Revenue Code, created favorable tax treatment for entities known as domestic international sales corporations ("DISCs").

The DISC provisions, set out at 26 U.S.C. §§ 991–997, were passed to increase exports and to remove the previous tax disadvantages of companies exporting through domestic corporations. *See* H.R.Rep. No. 533, 92d Cong., 1st Sess. 58, *reprinted in* U.S.Code Cong. & Ad.News 1825; S.Rep. No. 437, 92d Cong., 1st Sess., *reprinted in* 1971 U.S.Code Cong. & Ad.News 1918. The primary function of a DISC, as set out in section 993, "is the selling and leasing of export property which has been created by someone else in the United States for ultimate use outside the United States." B. Bittker & J. Eustice, *Federal Income Taxation of Corporations and Shareholders* 17.14.2. (4th Ed.1979). "The basic scheme allows a domestic production company to establish a DISC to handle its export sales and leases ... [yet] be no more than a shell corporation, which performs no functions other than to receive commissions on foreign sales made by its parent." *Thomas International Ltd. v. United States*, 773 F.2d 300 (Fed.Cir.1985), *cert. denied*, 475 U.S. 1045, 106 S.Ct. 1261, 89 L.Ed.2d 571 (1986).

A corporation which qualifies as a DISC is not subject to current taxation on its earnings; rather, approximately one-half of its income is taxed currently to its shareholders as constructive dividends, regardless of whether they are actually distributed, and the other half is tax-deferred until actually distributed or otherwise withdrawn from the DISC. *See generally* B. Bittker & J. Eustice 17.14. To ensure that these tax-deferred earnings are in fact used for export activities and not overseas manufacturing or production for domestic consumption, Congress established strict income and assets requirements which a corporation must satisfy to qualify as a DISC. *Thomas International Ltd.*, *supra*, 773 F.2d at 301. One such requirement is that 95% of a DISC's assets must be "qualified export assets," *see* 26 U.S.C. § 992(a)(1) (1988), which are defined, in part, in § 993(b) as accounts receivable and evidences of indebtedness which arise by reason of specified transactions of such

---

* THE HONORABLE ELSIJANE TRIMBLE ROY, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Edward J. Devitt, deceased, United States District Judge for the District of Minnesota.

corporations related to export activities and generate qualified export receipts.

### B.

TSI is a Minnesota corporation engaged in the development, manufacture and marketing of sophisticated instruments for precise measurement of flow and flow characteristics of gases, liquids, and small airborne particles. On August 3, 1972, TSI DISC was incorporated as a wholly-owned subsidiary of TSI under the laws of the State of Minnesota. TSI DISC elected to be treated as a DISC under 26 U.S.C. § 992(b).

On May 1, 1982, TSI DISC and TSI entered into a Commission Agency and Trade Receivable Agreement whereby TSI DISC agreed to serve as a commission agent, or a "commission DISC," on behalf of TSI on all of TSI's foreign sales of export property. As a commission DISC, TSI DISC earns income when its parent corporation, TSI, makes a qualified foreign sale. At the completion of the sale, TSI pays a commission to TSI DISC and TSI DISC in turn pays dividends to TSI.

On January 20, 1987, the Internal Revenue Service sent an examination report to TSI and TSI DISC proposing adjustments to the reported income for TSI's fiscal years ended March 31, 1981, March 31, 1983, and March 31, 1984, and to TSI DISC's fiscal years ended April 30, 1983 and April 30, 1984. The notice declared that TSI DISC did not qualify as a DISC for the years mentioned because a reasonable estimate of the commissions due for those years had not been paid within 60 days of the end of TSI DISC's fiscal year and, thus, those unpaid commissions were not qualified export assets under section 1.993–2(d) or (3) of the Treasury Regulations. This finding led to the disqualification of TSI DISC as a DISC for the fiscal years in question because less than 95% of its assets were qualified export assets.

Following this disqualification, the IRS reallocated to TSI significant amounts of TSI DISC's income for the relevant fiscal years, resulting in a tax deficiency to TSI of $417,618 and interest charges of $343,-143.48. TSI paid these assessments and filed a timely claim for refund, which was ultimately denied by the Commissioner of the IRS.

On August 13, 1990, appellants filed their complaint seeking a refund of the amounts paid on the tax deficiency and accrued interest. In August 1991, the United States filed its motion for summary judgment, alleging that there were no material facts in dispute and that under the applicable law it was entitled to judgment upon the complaint. The district court granted summary judgment to the United States on October 9, 1991. It is from that judgment that TSI and TSI DISC bring this appeal.

## II. DISCUSSION

### A.

Appellants contend that the district court erred in granting summary judgment to the United States instead of permitting the case to be decided by a jury. Specifically, they argue that even though the essential facts were not in dispute before the district court, the inferences to be drawn from those facts were disputed, as evidenced by the discordant opinions of the expert witnesses, and should have been resolved by a jury. In response, the United States asserts that entry of summary judgment was appropriate inasmuch as the only dispute below was over the legal conclusions to be drawn from the agreed facts.

We review a district court's decision granting summary judgment de novo, *Gumersell v. Dir., Fed. Emergency Mgt. Agency*, 950 F.2d 550 (8th Cir.1991), and in so doing we apply the same standard as the district court. *Robinson v. Monaghan*, 864 F.2d 622 (8th Cir.1989). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate only when no material fact is genuinely in dispute and the moving party is as a matter of law entitled to judgment upon the claim involved. Or, as has otherwise been stated, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly pre-

clude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). We agree with the district court's determination that there was no genuine issue as to any material fact involved in the United States' motion and with the district court's resultant decision to dispose of this matter on summary judgment.

### B.

■ The principal issue presented here concerns the district court's determination that the commissions owed by TSI to TSI DISC were not qualified export assets within the meaning of section 993(b) of the Internal Revenue Code because the elimination entries made on consolidation work papers did not effect payment of the commissions as required by Treas.Reg. § 1.994–1(e)(3)(ii). Subsequent to the formation of the Commission Agency and Trade Receivables Agreement, TSI and TSI DISC retained Ernst & Whinney (now Ernst & Young) as an outside accountant for auditing and tax services and especially for oversight of TSI DISC's compliance with the DISC legislation.

Of the activities undertaken by Ernst & Whinney on behalf of appellants, one, the effecting of payment of commissions receivable owed by TSI to TSI DISC, is of particular significance herein. The Ernst & Whinney partner assigned to the TSI account chose to effect payment of the commissions receivable, as described by the district court, through offsetting accounting entries in the books of TSI DISC and other elimination entries on the accountant's work papers made during preparation of the consolidated financial statements of TSI and its subsidiaries, among them TSI DISC. More specifically, the commissions payable account on TSI Inc.'s books at the close of tax years 1983 and 1984 was eliminated against the commissions receivable account on TSI DISC's books, and the dividends receivable account on TSI Inc.'s books was eliminated against the dividends payable on TSI DISC's books.

Appellants contend here, as they did below, that the eliminations on the work papers had the net effect of offsetting TSI DISC's commissions receivable account against its dividends payable account and, thus, qualified as payment of the commissions receivable pursuant to Treas.Reg. § 1.994–1(e)(3)(ii). The district court rejected that argument, finding that while elimination entries may be useful in the preparation of consolidated financial statements and the reflection of the overall financial condition of the parent corporation, they "do not affect the underlying accounts and consequently cannot effect payment of those accounts ... [and] payment is made only if offsetting accounting entries are made or transferred to the DISC's books of account within sixty days of the fiscal year-end." *TSI Incorporated and TSI Domestic International Sales Corporation v. United States of America*, No. Civ. 3–90–473, p. 6, 1991 WL 288834 (D.Minn. filed October 9, 1991).

We agree. An elimination entry does not constitute a qualifying accounting entry under Treas.Reg. 1.994–1(e)(3)(ii) because it does not effect payment of an account. *See Gibbons International, Inc. v. Commissioner of Internal Revenue*, 89 T.C. 1156, 1167 (1987). The elimination entries were never posted on TSI DISC's general ledger journal or work trial balance and were not reflected on its tax returns. If the accountant intended for these elimination entries to effect payment of the underlying accounts, he should have instructed TSI DISC to post these entries on its regular books of account and recognized the payments on its tax returns for the years at issue. In sum, appellants failed to sufficiently comply with the applicable Treasury Regulations and code provisions.

■ The district court also questioned appellants' reliance upon elimination entries on the accountant's work papers as opposed to TSI DISC's books of account. Appellants suggest that entries to work papers are sufficient under circumstances such as those present here. However, the district court correctly noted that in order for work papers to be considered part of

the company's books of account they must be, one, sufficiently complete and accurate to provide a reliable and readily accessible basis for reconciling the regularly maintained books of account and the tax returns and, two, turned over to the taxpayer and maintained in association with the taxpayer's regular books of account. Revenue Ruling 68–420.

The district court determined from the undisputed facts that appellants' work papers lacked sufficient reliability on account of their failure to reflect transactions affecting the accounts of the individual companies. In addition, in light of appellants' admission that they maintained their own books separate and apart from the accountant's work papers, the district court concluded that the work papers were not part of appellants' regular books of account. We agree with the district court that under the circumstances of this case the work papers used in preparing the consolidated financial statements may not be substituted for the corporation's books of account.

██ The finding that the elimination entries did not effect payment of the commissions receivable and, thus, failed to satisfy the requirements of Treas.Reg. § 1.994–1(e)(3)(ii) leads us to conclude, as did the district court, that the commissions were not qualified export assets within the meaning of section 993(b). Upon that finding, it is clear that for the tax years in question TSI DISC failed to satisfy the requirement that 95% of its assets meet the "qualified export assets" standard and, therefore, did not qualify as a DISC under the law.

## III. CONCLUSION

For the foregoing reasons, we conclude that the district court properly granted the motion of the United States and entered summary judgment in its favor against TSI Incorporated and TSI Domestic International Sales Corporation. The judgment of the district court is hereby affirmed.