# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 15, 2010            Decided June 18, 2010

No. 09-5191

ACTION ALLIANCE OF SENIOR CITIZENS, ET AL.,
APPELLANTS

v.

KATHLEEN SEBELIUS, SECRETARY, DEPARTMENT OF HEALTH
AND HUMAN SERVICES AND MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-01607-HHK)

———

*Gill Deford* argued the cause for appellants. With him on the briefs were *Judith Stein*, *Brad S. Plebani*, *Wey-Wey Kwok*, *Vicki Gottlich*, and *Patricia B. Nemore*.

*Daniel Tenny*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Tony West*, Assistant Attorney General, *Channing D. Phillips*, Acting United States Attorney, *Mark B. Stern* and *Alisa B. Klein*, Attorneys, *David S. Cade*, Acting General Counsel, U.S. Department of Health & Human Services, *Janice L.*

*Hoffman*, Associate General Counsel, *Mark D. Polston*, Deputy Associate General Counsel, *Lawrence J. Harder* and *Marcus H. Christ*, Supervisory Trial Attorneys, *David Black*, General Counsel, Social Security Administration, *Thomas Crawley*, Deputy General Counsel, *Gwenda Jones Kelley*, Associate General Counsel, *Jeff Blair*, Deputy General Counsel, and *Eileen Farmer*, Attorney.

Before: HENDERSON and KAVANAUGH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Sometimes the Government mistakenly sends too much money to beneficiaries of federal benefits programs. When that happens, the Government naturally attempts to recover the money. But what if a beneficiary already spent the money or otherwise would have difficulty paying the Government back? Some benefits statutes – such as the Social Security statute – allow beneficiaries to obtain a waiver when repayment would produce hardship. Other statutes – such as the Medicare prescription drug statute – do not.

This case lies at the intersection of the Social Security and Medicare programs. Like many others, plaintiffs paid their Medicare prescription drug premiums by having them deducted from their monthly Social Security benefits. The issue here arises because, in late 2006, plaintiffs received mistaken refunds of their Medicare premiums – and received them from the Social Security Administration. When the Government later sought to recover the mistaken Medicare premium refunds, plaintiffs asked for a waiver, relying on the fact that the Social Security Administration had made the

overpayment and seeking to take advantage of the right to waiver in the Social Security statute. But the Social Security statute allows waiver from recovery of overpaid *Social Security benefits*, not waiver from recovery of *mistaken Medicare Part D premium refunds*. We therefore affirm the District Court's judgment dismissing plaintiffs' complaint.

I

Title 42, Chapter 7 of the U.S. Code contains two subchapters of relevance. Subchapter II governs the Social Security program, and Subchapter XVIII covers the Medicare program. For ease of reference, we refer to Subchapter II as the "Social Security statute."

Under the Social Security program, workers are required to pay into the Social Security trust fund during their working careers, and the Federal Government in turn provides money to seniors, individuals with disabilities, and the survivors of eligible beneficiaries. This assistance is sent to beneficiaries in the form of monthly (or sometimes, lump-sum) benefits payments via check or direct deposit.

The Medicare program provides, among other things, prescription drug coverage to seniors and individuals with disabilities. This is known as Part D of the Medicare program. Part D participants pay a monthly premium for that coverage. They may pay the premium in a variety of ways – including deducting the amount from a bank account, credit card, or debit card, or from their monthly Social Security benefits.

This case involves Medicare Part D participants who pay for their prescription drug coverage by having their monthly

prescription drug premiums withheld from their monthly Social Security benefits.

The Centers for Medicare and Medicaid Services, or CMS, is a unit within the U.S. Department of Health and Human Services. CMS administers the Medicare prescription drug program. It coordinates with the Social Security Administration to accommodate those beneficiaries who pay their Medicare prescription drug premiums by way of deductions from their Social Security benefits.

In August 2006, CMS determined that the Social Security Administration had wrongly collected excessive Medicare Part D premiums from approximately 230,000 Medicare Part D participants. These affected beneficiaries had paid their Part D premiums by having them deducted from their Social Security benefits. CMS instructed the Social Security Administration to issue refunds to the affected beneficiaries. The Social Security Administration paid the refunds by check or direct deposit. The average refund amount was $215, with no single refund exceeding $750. In total, the Government refunded approximately $47 million.

Several weeks later, CMS discovered that its initial determination had resulted from a processing mishap, that the premiums had not been wrongly withheld, and that the refunds had been made in error. CMS sent a letter to the participants asking them to return the refunds and detailing the ways they could do so. The letter specified that repayment could be made in installments. By the time of oral argument in this case, more than 65% of the affected beneficiaries had returned the erroneous refund; about $17 million was still unreturned. *See* Tr. of Oral Arg. at 14.

5

Lucy Loveall is a Medicare Part D participant who pays for her prescription drug coverage by having her premiums deducted from her Social Security benefits. Loveall received a refund of her Medicare Part D premiums in the amount of $161.70 as part of CMS's error. CMS then asked Loveall to return the money. Loveall claimed that returning the payment would cause hardship, as she had already applied the money toward her monthly expenses. Along with the Action Alliance of Senior Citizens and the Gray Panthers (organizations whose membership includes similarly situated senior citizens), Loveall sued the Secretary of Health and Human Services and the Commissioner of the Social Security Administration. As relevant here, plaintiffs sought declaratory and injunctive relief on the basis that 42 U.S.C. § 404(b) – a provision in the Social Security statute – allows them to obtain waiver from recovery of overpayments. The Government moved to dismiss the case. Concluding that the Social Security statute did not allow plaintiffs to obtain waiver in these circumstances, the District Court granted the Government's motion to dismiss.[1]

II

When the Social Security Administration seeks to recover overpayment of Social Security benefits, beneficiaries may

---

[1] This case previously came before this Court in *Action Alliance of Senior Citizens v. Leavitt*, 483 F.3d 852 (D.C. Cir. 2007). There, plaintiffs asserted a right to seek waiver under both the Social Security waiver provision (42 U.S.C. § 404(b)) and the Medicare waiver provision (42 U.S.C. § 1395gg(c)). We rejected plaintiffs' § 1395gg(c) claim, but we concluded that the district court lacked jurisdiction to consider plaintiffs' § 404(b) claim because the claim had not been properly presented to the Commissioner of Social Security. Plaintiffs have since cured the jurisdictional defect.

obtain a waiver from recovery if they show hardship. The question here is whether Medicare Part D prescription drug participants who receive erroneous premium refunds from the Social Security Administration may also obtain such a waiver. The answer is no.

The section of the Social Security statute codified at 42 U.S.C. § 404 addresses the adjustment or recovery of overpayments and underpayments. Subsection (a) of § 404 provides: "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person *under this subchapter*, proper adjustment or recovery shall be made . . . ." 42 U.S.C. § 404(a)(1) (emphasis added). Subsection (b) provides an exception for certain cases: "In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." *Id.* § 404(b).

Plaintiffs argue that they are entitled to take advantage of that Social Security waiver provision because they received the overpayment here (a mistaken refund of their Medicare Part D premiums) from the Social Security Administration.

We disagree: The text and structure of § 404 show that § 404(b) provides a right to waiver from recovery only for overpayments covered by § 404(a) – that is, only for overpayments of Social Security benefits. The Supreme Court and courts of appeals have therefore long interpreted § 404(b) as providing an exception to subsection (a). *See, e.g.*, *Califano v. Yamasaki*, 442 U.S. 682, 685 (1979) (§ 404(b) "expressly limits the recoupment authority conferred by" §

404(a)); *Everhart v. Bowen*, 853 F.2d 1532, 1535 (10th Cir. 1988) (the Social Security statute's "waiver of recoupment provision, § 404(b), qualifies the Secretary's right to recovery or adjustment under § 404(a)(1)(A).") (footnote omitted), *rev'd on other grounds*, 494 U.S. 83 (1990); *Webb v. Bowen*, 851 F.2d 190, 192 (8th Cir. 1988) ("section 404(b) only grants an opportunity of waiver of the amount found to be overpaid under section 404(a)"). Contrary to plaintiffs' position, the waiver provision in the Social Security statute does not apply to *any* Government overpayment that happens to come through the Social Security Administration.

Indeed, plaintiffs' position would produce an anomaly that illustrates the flaw in their interpretation. Plaintiffs' approach would allow waiver from recovery for those Medicare prescription drug beneficiaries who pay their premiums through Social Security deductions – but not for those who pay their premiums by deductions from a bank account, credit card, or debit card. That would make little sense, and we see no evidence that Congress intended such a half-baked waiver regime for recovery of mistaken Medicare prescription drug premium refunds.[2]

---

[2] Because we agree with the Government's interpretation of the statute, we need not address whether the statute is ambiguous for purposes of *Chevron* step one / step two analysis or whether the Government's interpretation, which was provided in a letter, would be entitled to *Chevron* deference at step two. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842-43 (1984).

8

\* \* \*

We have considered plaintiffs' other arguments and find them without merit. We affirm the judgment of the District Court.

*So ordered.*