## WILLIAM V. BAUMAN v. AUGUST G. KRIEG.[1]

June 2, 1916.

Nos. 19,697—(106).

**Replevin — chattel mortgagor incompetent — fraud of mortgagee.**
　　1. The evidence sustains the findings that respondent was of unsound mind and incompetent to transact business when he executed the chattel mortgage under which plaintiff claimed the property replevied in this action, and that respondent was induced to enter the

[1]Reported in 158 N. W. 40.

deal wherein such mortgage was given through the mortgagee's fraud and misrepresentations.

**Assignee of mortgage stands in shoes of assignor.**

2. Plaintiff, as assignee of the mortgage, can claim no greater right to the property than could the mortgagee, and under the findings mentioned neither could claim the right of possession thereto.

**No error.**

3. No reversible error is found in the record.

Action in replevin in the district court for Hennepin county or for $1,500, the value of the property. The action was tried before Hale, J., who made findings and ordered judgment in favor of defendant Krieg. Plaintiff's motion for modified and additional findings and conclusions was denied. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Hall, Tautges & Sapiro,* for appellant.

*Albert L. Hershman,* for respondent.

HOLT, J.

Action in replevin, judgment ordered for defendant, and appeal by plaintiff from the order denying his motion for a new trial.

It was conceded that the only right of possession or claim of title of plaintiff to the property in dispute, was as assignee of a chattel mortgage, executed by August G. Krieg, defendant, to Roman A. Eckstein. Krieg, having been adjudged insane within six weeks after the mortgage was given, and his wife having been duly appointed guardian, she as such made application to have Roman A. Eckstein made a party defendant. The application was granted, but Eckstein defaulted. The answer for Krieg was to the effect that he was of unsound mind at the time the mortgage was executed, and that the deal involving its execution was induced and consummated through the misrepresentation and fraud practiced upon Krieg by Eckstein. The answer also attempted to allege facts calling for affirmative relief against both plaintiff and Eckstein. The allegations relating to one matter involved in the appeal were: That, at the time of giving the chattel mortgage, Krieg was induced by plaintiff and Eckstein to deliver to them, as additional security, a $500 certificate or bond of a certain corporation, which bond came into the hands of

plaintiff with the transfer of the notes and chattel mortgage. This bond Krieg asked to have returned to him. There was no demurrer to this counterclaim or cross bill, and no objection to its consideration by the court. The court directed judgment for a return of this bond.

There are numerous assignments of error which, however, are grouped by appellant under four heads, viz: (a) Error in finding Krieg mentally incompetent at the time the notes and chattel mortgage were executed, and that plaintiff took the notes and mortgage with knowledge of the defenses available against Eckstein; (b) error in finding that Krieg was defrauded by Eckstein; (c) erroneous view of the law in considering the incompetency of Krieg sufficient in itself to avoid the mortgage; and (d) that the court should not have required plaintiff to surrender all his security, including the bond, but should have placed the parties in *statu quo*.

The court's finding that Krieg was of unsound mind and incapable of transacting business when the deal with Eckstein occurred, in which deal the chattel mortgage was executed, is amply sustained by the evidence. We need not set it out. The family physician testified to Krieg having softening of the brain, and that the disease had progressed to such an extent that he was incompetent. Eckstein evidently knew of his condition, and took advantage thereof to defraud, for he obtained $1,000 cash from Krieg and his notes for $1,500, secured by the chattel mortgage in question, for property which the court finds to have been worth not to exceed $750. So that there is no difficulty in sustaining the finding that Krieg was deliberately swindled by Eckstein into making the deal wherein the chattel mortgage was given under which plaintiff claims.

It is not perceived that the learned trial court was of the opinion that proof of Krieg's incompetency was alone sufficient to avoid the mortgage, for he expressly found that Eckstein took advantage of Krig's mental failing to defraud him by false representations. That being so, it necessarily follows that no one can use the chattel mortgage as a means to obtain possession of any property therein described, for an assignee of a mortgage stands in no better position than the mortgagee. Oster v. Mickley, 35 Minn. 245, 28 N. W. 710; Paulsen v. Koon, 85 Minn. 240, 88 N. W. 760; Welbon v. Webster, 89 Minn. 177, 94 N. W. 550. Here plaintiff predicated the seizure of the property upon no other right than that of

assignee of the mortgagee. Moreover, the court found that plaintiff was not a *bona fide* purchaser without notice. The legal status of the parties in respect to the notes cannot in any manner affect the right of the mortgagor in an invalid chattel mortgage to retain the possession of the property therein described.

This was a replevin action in which plaintiff wrongfully took from the possession of Krieg property which the latter had the right to retain. In such a case the only judgment the court could order was a return of the property or, if that could not be had, a personal judgment for the value thereof, which was admitted to be $1,500. That was done here. As between plaintiff and Krieg, on plaintiff's cause of action, no question of rescission or placing the parties in *statu quo* was involved. The order for judgment is palpably right upon that branch of the case; it affects merely the chattel mortgage, the assignment thereof, and the record, and does not touch the notes at all.

Requiring the return of the $500 certificate or bond, above mentioned, is objected to by plaintiff. No objection was made to the litigation of this issue, and it is rather late now to take exception to its determination. Upon the facts found no other disposition thereof could well be made than was made. Moreover, there is, apparently, nothing of value connected with the certificate for, upon the argument, the counsel for respondent announced that a consent had been filed in the court below and in this court that appellant need not return it.

A just result has been reached in the case, and there is no substantial error in the record.

Order affirmed.