## CLARENCE C. KRUEGER v. JOSEPH ZOCH AND ANOTHER.

173 N. W. (2d) 18.

December 12, 1969—No. 41815.

*Edward M. Cohen,* for appellant.

*Joseph M. Buchmeier* and *Buchmeier & Buchmeier,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the Ramsey County District Court.

This is an action brought by plaintiff, Clarence C. Krueger, against defendants, Joseph Zoch and James Zoch as guardian of Joseph Zoch, to specifically enforce an earnest money contract

for the purchase of land or, in the alternative, for money damages. The contract was dated November 30, 1966, and was between plaintiff as purchaser and defendant Joseph Zoch as seller.

The case was tried before the court without a jury on January 16, 1968. The court found that Joseph was incompetent at the time he made the earnest money contract with plaintiff. It determined that this made the contract null and void and refused specific performance. Plaintiff makes this appeal.

The questions for consideration are (1) whether there was sufficient evidence to sustain the finding that Joseph was incompetent, and (2) whether a contract of the incompetent may be avoided under the evidence presented.

Joseph was over 80 years of age in 1966. He lived alone on a farm that he owned in Little Canada, Minnesota. Because of his advancing age, he decided to sell his place. In June 1966 he first met plaintiff, who expressed interest in buying the farm. Joseph was asking $27,000, but because he received $4,500 for a sewer easement he volunteered to lower the price to $23,500. The parties conducted negotiations for the sale of the farm from June to November 30, 1966, when the earnest money contract involved here was signed.

On December 22, 1966, guardianship proceedings were held in Ramsey County probate court and on January 9, 1967, Joseph was placed under guardianship, with his son, James, as guardian.

The evidence in the instant case established that, dating from before June 1966, Joseph was hard of hearing; that he rambled in his conversations and had trouble keeping to the subject under consideration; that his house was messy; that he was unable to care for himself; that during the guardianship proceedings he spoke loudly at improper times; that he trusted strangers rather than his own family; that he sold valuable antiques for next to nothing when approached by various dealers; and that he listed his house with two realtors at the same time. His son, James, testified that from his observations his father had been incompetent

for the previous 5 years. A contractor who met Joseph a number of times and was also trying to buy his farm testified that he broke off negotiations because he thought Joseph was incapable of handling his own affairs. Plaintiff and his three witnesses all testified that they thought Joseph was competent to handle his own affairs, but none of them was well acquainted with him nor could they rebut the above-mentioned testimony. From the foregoing, the trial court concluded that defendant Joseph Zoch was incompetent at the time he negotiated and signed the contract with plaintiff.

1. In accordance with our well-settled rules we must review the evidence in the light most favorable to the prevailing party and, since the findings of the trial court are entitled to the same weight as a jury verdict, we will not reverse unless the findings are manifestly contrary to the evidence.

The standard for determining whether a person is mentally incapable is whether or not that person can fairly and reasonably understand the matter he is considering. Sullivan v. Brown, 225 Minn. 524, 31 N. W. (2d) 439. A person is competent if he has the capacity or ability to understand to a reasonable extent the nature and effect of what he is doing. Rebne v. Rebne, 216 Minn. 379, 13 N. W. (2d) 18. Applying these standards, we have examined the record to determine whether the evidence presented supports the decision reached by the trial court.

It is our opinion that there is ample evidence in the record before us from which the trial court could have concluded that Joseph was incompetent on the date of the transaction. We recognize that the mere fact that he is elderly does not in itself show lack of mental capacity. See, Beck v. Northwestern Fed. Sav. & Loan Assn. 206 Minn. 125, 288 N. W. 217. The additional evidence here, detailed above, with respect to Joseph's physical and mental condition and his actions over a period of several years discloses facts similar to facts which have been held sufficient to sustain a finding of incompetence in a number of cases. Johnson v. Hanson, 197 Minn. 496, 267 N. W. 486; Ewert v.

Chirpich, 169 Minn. 386, 211 N. W. 306; Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070. See, also, Parrish v. Peoples, 214 Minn. 589, 9 N. W. (2d) 225.

The finding of incompetence in this case is greatly strengthened by the fact that Joseph was placed under guardianship on January 9, 1967. The subsequent adjudication of incompetency in guardianship is relevant and probative on the issue of his competence at the time he signed the earnest money contract, November 30, 1966. The closer in time the adjudication of incompetency is to the transaction, the greater the weight that can and should be given it. Johnson v. Hanson, *supra*; Bauman v. Krieg, 133 Minn. 196, 158 N. W. 40. We hold that the finding of incompetency is supported by the evidence.

2. There are cases where it is stated that a person may not use incompetency as an offensive weapon to avoid obligations which he discovers later to be burdensome. See, Wood v. Newell, 149 Minn. 137, 182 N. W. 965; Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918. In both of these cases the alleged incompetence lasted only a short time and the party alleging the incompetence was attempting to avoid performance of a contract after he was no longer incompetent. In that situation the court held that where the other party had no knowledge of the incompetence and where he took no inequitable advantage, the contract was enforceable. In neither of those cases was the incompetent placed under guardianship subsequent to the making of the contract. The present case is distinguishable. Here there is evidence from which the trial court could conclude that plaintiff had knowledge of the incompetence. For example, he knew that Joseph was hard of hearing; that he rambled in his conversation; and that he was unable to care for himself.

Affirmed.