■ IRENE INMAN, Respondent, v CARLTON F. INMAN et al., Appellants. — Appeal from an order and judgment of the Surrogate's Court of Schenectady County (Severson, S.), entered June 24, 1982, which declared null and void a deed from Fred H. Inman to defendant Carlton Fred Inman and a subsequent deed from defendant Carlton Fred Inman to defendant Margaret E. Benjamin, and held that the real property involved was an asset of the estate of Fred H. Inman. On April 22, 1974, Fred H. Inman, then 85 years old, deeded his camp on Sacandaga Reservoir in Saratoga County to his son, Carlton Fred Inman. Fred Inman died on July 11, 1974. His will named Carlton Inman and Carlton's then wife, Irene Inman, as the sole beneficiaries, with Carlton as the executor. On August 2, 1976, Carlton Inman deeded the camp to his girlfriend, Margaret Benjamin. On November 8, 1978, Carlton and Irene Inman were divorced. Plaintiff Irene Inman subsequently brought this action alleging that the deed from decedent Fred Inman to Carlton Inman was the product of fraud and undue influence and that both the deed to Carlton and the subsequent

---

deed from Carlton to Margaret Benjamin were void. She demanded that the property be returned to the decedent's estate. The Surrogate found in plaintiff's favor after a nonjury trial and this appeal ensued. Initially, defendants contend that plaintiff lacked standing to bring this action. They argue that it is the executor's duty to administer the assets of the estate and that, therefore, plaintiff should first have requested Carlton Inman, in his capacity as executor, to seek the return of the property to the estate (see *McQuaide v Perot,* 223 NY 75, 79). However, given the relationship between the parties, and the fact that the executor was himself involved in transferring the property in question out of the estate, a request to him to restore it would have been futile and the legatees were empowered to sue for the return of the property (*supra,* at p 80; see, also, *Noll v Smith,* 250 App Div 453, 455-456). Accordingly, the Surrogate was correct in holding that plaintiff had standing here. Defendants' next argument is that there was insufficient proof to justify the court's factual determination that, at the time of the execution of the first deed, decedent Fred Inman was incompetent and acting under the undue influence of his son. This contention is also meritless. Several witnesses were produced at trial, including the decedent's two adult granddaughters and his physician, who testified in detail to the advanced state of senility the decedent had reached at the time he executed the deed. This evidence was confirmed by the records of the hospital to which decedent was admitted one month after the deed was signed, which show that decedent was diagnosed as suffering from chronic brain syndrome and cerebral arteriosclerosis and further describe him as "confused" and "disoriented". Sufficient evidence was also adduced to prove that the deed was the product of defendant Carlton Inman's undue influence over his father. This included the testimony of decedent's granddaughter that Carlton Inman had stated in April, 1974 that he wanted to take decedent to the lawyer's office to execute the deed to the camp "while he was still able to sign". While defendants introduced countervailing evidence concerning decedent's competence, we find that there was more than enough proof to support the Surrogate's factual findings and his ultimate determination that the deed executed by the decedent was void (see *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). Defendants argue that Margaret Benjamin has good title to the property even if the deed from the decedent was void because a conveyance made by a mental incompetent is not voidable against a bona fide purchaser who pays value and lacks notice (see *Goldberg v McCord,* 251 NY 28, 32). They allege that Benjamin took the deed from Carlton Inman without notice of decedent's incompetency. However, even if this were true, it is conceded by all parties that no consideration flowed from Benjamin to Carlton Inman for the property other than the $1 recited in the deed. Since consideration of one dollar does not constitute "value", especially where the conveyance is a gift (*Hood v Webster,* 271 NY 57, 59-60), Benjamin was not a bona fide purchaser and did not acquire any better title than defendant Carlton Inman had (see Real Property Law, § 245). Finally, defendants argue that a property stipulation entered into by Carlton and Irene Inman on August 18, 1976, as a prelude to their uncontested divorce, bars this action. In that agreement, Irene Inman promised to make no further claims against her husband's property. However, title to the property in question was in the name of Margaret Benjamin at the time this action was commenced. Since Irene Inman did not waive her right to make claims against Benjamin's property, the waiver argument must fail. We have examined defendants' remaining arguments on this appeal and find them to be without merit. Order and judgment affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.