**In re the Marriage of Daniel W. LINDSEY, Petitioner, Appellant,**

v.

**Roseann LINDSEY, Respondent.**

No. C8-84-2233.

Court of Appeals of Minnesota.

June 11, 1985.

Review Granted Aug. 30, 1985.

John R. Wylde, Jr., Minneapolis, for appellant.

M. Sue Wilson, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FOLEY, Judge.

The district court entered a judgment and decree October 15, 1977, dissolving the marriage of Daniel W. Lindsey (appellant) and Roseann Lindsey (respondent). The decree was based on two stipulations agreed to by the parties in September 1975 and August 1977. In January 1980, respondent moved to vacate the judgment and set aside the property settlement. Stipulations were agreed to, but the respondent dropped the proceedings. In January 1983, appellant-husband initiated a post-judgment proceeding to amend the 1977 homestead stipulation, which would allow him to sell the homestead. Under a judgment entered in February 1983, respondent-wife conveyed a quit claim to the homestead.

In October 1983, respondent brought a motion to vacate the judgment and decree entered in 1977 and set aside the property settlement and support provisions. Respondent alleged fraud, duress and lack of mental capacity to enter into a contract. In August 1984, a referee issued an order finding that the respondent lacked the capacity to enter into a contract at the time of the 1975 stipulation agreement. However, the referee denied respondent's motion to vacate the judgment because she failed to appeal the February 1983 order amending the 1977 homestead stipulation. The referee also based his denial on the respondent's failure to reserve the issue by setting aside the original judgment at the time of the February 1983 order even though, according to the referee's findings, she was under no mental disability. Respondent sought review before the district court, which issued an order modifying the referee's findings as follows:

(1) the $12,500 fixed dollar interest free lien on the homestead stipulated to in the original decree was unconscionable; respondent has the right to remain in the homestead until the youngest child reaches eighteen; respondent and appellant shall own the homestead as tenants in common.

(2) respondent did not have benefit of counsel at the time of the original stipulations; while respondent was represented by counsel in 1980 when she brought a motion to vacate the original judgment, she dropped the preceeding because of exacerbated mental illness;

(3) respondent did not have capacity to understand the nature and effect of the dissolution documents she signed in 1975 and 1977; she lacked the capacity until now to communicate effectively with counsel to obtain relief from the judgment and decree.

This is an appeal from a judgment entered November 26, 1984, on those findings.

## FACTS

The original dissolution decree incorporated stipulations agreed upon by the parties in 1975 and in 1977. One stipulation gave appellant-husband title to the homestead, subject to an interest free lien of $12,500 in favor of the wife, to be satisfied at the time of sale. The amount was approximately half of the equity in the homestead in 1977. In addition, respondent-wife gave up interest in a Florida condominium. The only stipulation at issue here is respondent's 1977 lien.

Respondent has a history of serious mental illness from 1972 through at least the summer of 1977. She was hospitalized and received electro-shock therapy in 1974, and again in 1975. She took drugs to control her depression, at least through 1977, perhaps longer. She was in marginal remission in the fall of 1977 when the dissolution became final, but according to her psychiatrist, Dr. Howard Fischer, her thoughts were still disjointed. Respondent's mental health improved in 1980, 1981 and 1982, with an apparent period of regression in 1980 connected with her attempt to have the original dissolution judgment vacated. She abandoned these proceedings because of mental illness.

Respondent did not have separate counsel in 1975 when she signed the stipulation concerning the homestead. She was represented by counsel in 1977 when the dissolution became final. However, phone conversations and correspondence from the law firm representing her instructed appellant's attorney to proceed with a default judgment.

It is not clear from the record what the status of the house was when the district court ordered possession returned to the respondent until the youngest child reached majority.

## ISSUES

1. Did the trial court err in reopening the dissolution judgment?

2. Did the trial court abuse its discretion in modifying the findings of the referee?

## ANALYSIS

 The standard of review for dissolution orders is clear. The district court has broad discretion regarding the division of property. A reviewing court will only overturn the district court's decision on a showing that it has abused its discretion. *Van De Loo v. Van De Loo*, 346 N.W.2d 173, 175 (Minn.Ct.App.1984). Findings of facts by the trial court will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. In reviewing conclusions of law, the appellate court owes no deference to the district court.

1. Respondent brought her motion to open the dissolution judgment and change the property settlement under Rule 60.02(6) of Minn.R.Civ.P. Rule 60.02 provides five specific reasons for setting aside a final judgment. The rule adds a sixth category for "any other reason justifying relief from the operation of the judgment." The motion must be made within a reasonable time. While Rule 60.02 purports to exclude dissolution decrees, the court has assumed inherent power under exception (6) to grant relief in a dissolution action. *Bredemann v. Bredemann*, 253 Minn. 21, 91 N.W.2d 84 (1958).

> Rule 60.02 of the Rules of Civil Procedure specifies the conditions or situations under which a party may be relieved from a final judgment. Divorce decrees are specifically omitted from the provisions of the rule. However, this court has held that the rule in no way affects the inherent power of the court to grant relief to a party who has been denied an opportunity to defend in a divorce action under such circumstances as amount to a fraud on the court and the administration of justice.

*Id.* at 24, 91 N.W.2d at 87.

The Minnesota Supreme Court has discussed the purpose for clause (6). "It seems reasonable to us that clause (6) was included under Rule 60.02 to permit the court to grant some justifiable relief under certain circumstances, even though the time for appeal had expired under clause (1)." *Simons v. Schiek's, Inc.*, 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966). Even the dissent in *Simons* recognized that "the application of clause (6) is reserved for exceptional situations where the equities weigh heavily in favor of the petitioner and clearly require that relief be granted to avoid an unconscionable result." *Id.* at 139, 145 N.W.2d at 553.

 We believe this is a case which amply justifies the application of clause (6) under Minn.R.Civ.P. 60.02. The circumstances are exceptional. To deny relief here would be to create an unconscionable result. The unimpeachable fact remains that respondent's severe mental illness for a period of years prior to and at the time of the original decree rendered her incapable of understanding the agreements she was signing. Her subsequent bouts with debilitating depression corresponded to any legal proceeding associated with the dissolution. The trial court did not err in reopening the dissolution judgment to modify the property settlement. Equity is as broad as it is long.

 Respondent was not barred from bringing her motion because of the vacated 1979–80 proceedings. Respondent initiated a proceeding in late 1979 similar to the motion which is in dispute here. She subsequently abandoned the proceeding after an apparent agreement had been reached but without signing any papers. The district court dismissed the motion without prejudice. Respondent was entitled to bring the motion again.

 Respondent was not barred from bringing her motion in October 1983 by the judgment entered in February 1983. In February, respondent simply responded to appellant's motion requesting that the court allow him to sell the homestead, since respondent was no longer living there. Respondent did not at that time request that the court vacate the original decree or modify any stipulations. None of the issues raised in the present suit was litigated in the February hearing. Collateral estoppel applies only where the same issue was adjudicated in a prior action. *Cook v. Con-*

*nolly,* 366 N.W.2d 287, (Minn.1985); *Hauser v. Mealey,* 263 N.W.2d 803, 808 (Minn. 1978).

■■■ 2. The district court did not abuse its discretion in modifying the referee's findings of facts regarding the respondent's mental incapacity or her lack of representation when agreeing to the homestead stipulation. The standard for determining whether a person is capable of entering into a contract is whether she has enough capacity to understand the nature and effect of what she is doing. *Parrish v. Peoples,* 214 Minn. 589, 595, 9 N.W.2d 225, 229 (1943). Mental capacity exists when a person can fairly understand the matter he is considering. *Krueger v. Zoch,* 285 Minn. 332, 173 N.W.2d 18 (1969).

There is sufficient testimony in the transcript to justify a finding that the respondent was not competent when she signed the dissolution documents. Though the testimony is less clear, there is also sufficient evidence to justify the court's finding that respondent was unable to communicate effectively with counsel until shortly before she brought her 1983 action. Her recurring mental illness apparently coincided with any proceedings relating to the dissolution.

There is sufficient evidence in the trial record to justify the trial court's modified findings on competency and representation of counsel.

■■■ The trial court ordered possession of the homestead returned to respondent until the youngest child reached majority. At oral argument, respondent's attorney stated that respondent has established herself elsewhere and no longer desires possession of the homestead. This part of the court's findings is, therefore, moot.

## DECISION

We affirm the trial court's modification of respondent's interest free lien on the homestead to a tenancy in common. We remand for determination of whether the homestead has been sold, and if it has not, to order such sale and division of proceeds.

Affirmed and remanded.

FORSBERG, J., concurs specially.

FORSBERG, Judge, concurring specially:

I concur with the opinion but I do have some reservations regarding the application of Minn.R.Civ.P. 60.02(6). It seems that under this section you may reopen a judgment for significantly less cogent reasons than fraud or newly-discovered evidence, and, yet, not be subject to time limitations in bringing the motion.