**COMMERCIAL UNION INSURANCE CO., Plaintiff,**

**v.**

**Minnie T. SCHMIDT, Defendant/Appellee,**

**and**

**Norma J. Koland, Defendant/Appellant.**

**No. 91–2706.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided June 18, 1992.

Neil A. McEwen, Thief River Falls, Minn., argued, for appellant.

Roger C. Malm, Hallock, Minn., argued (Blake S. Sobolik, on the brief), for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

HANSEN, Circuit Judge.

Norma Koland appeals from the district court's ruling granting Minnie Schmidt's motion for summary judgment, and denying Norma Koland's motion for summary judgment. We reverse in part, affirm in part, and remand.

## I. *Background*

Cora Schmidt died on February 21, 1990. She had a life insurance policy with Commercial Life Insurance Company ("Commercial Life"). When she acquired the life insurance policy in August of 1986, Cora Schmidt named her sister, Norma Koland, as the beneficiary. On February 20, 1990, one day before Cora Schmidt died, a change of beneficiary form was submitted to Commercial Life naming Minnie Schmidt, Cora Schmidt's mother, as the beneficiary. The change of beneficiary form was signed "X Cora S. Schmidt by brother William Schmidt." Both Norma Koland and Minnie Schmidt filed a claim with Commercial Life for the proceeds of Cora Schmidt's life insurance policy. Plaintiff, Commercial Life, initiated this action as an interpleader for the purpose of resolving the conflicting claims to life insurance proceeds. The district court granted Commercial Life's motion to interplead the two defendants, Minnie Schmidt and Norma Koland. The district court then dismissed Commercial Life from the lawsuit and allowed the insurance proceeds to be deposited with the court.

Minnie Schmidt argued to the district court that the change of beneficiary form entitled her to the proceeds. Norma Koland argued to the district court that the change of beneficiary form was ineffective. Koland argued that the form was not properly executed and that Cora Schmidt was not mentally competent to execute the form.

Both parties filed motions for summary judgment. Norma Koland filed her motion on May 15, 1991. On May 31, 1991, Norma Koland submitted six affidavits. On June 7, 1991, Norma Koland submitted a memorandum of law in support of her motion for summary judgment as well as three additional affidavits; and on June 13, 1991, she submitted an additional affidavit. The district court granted Minnie Schmidt's motion for summary judgment and denied Norma Koland's motion for summary judgment finding that Norma Koland did not file her affidavits timely, and that even if considered timely filed, they did not raise a genuine issue of material fact.

Norma Koland argues that the district court erred in two ways. First, she asserts that the district court improperly concluded that the affidavits were untimely filed under the local district court rules. She argues that all but one of the affidavits were timely-filed responsive affidavits to Minnie Schmidt's motion for summary judgment. Second, Norma Koland contends that the district court erred in finding that the affidavits raised no genuine issues of material fact. Minnie Schmidt urges us to affirm.

## II. *Discussion*

### A.

We review a district court's decision granting summary judgment de novo. *Gumersell v. Dir., Fed. Emer. Mgmt. Ag.*, 950 F.2d 550, 553 (8th Cir.1991). We apply the same standard used by district court. *Thelma D. by Delores A. v. Board of Educ. of the City of St. Louis*, 934 F.2d 929, 932 (8th Cir.1991) (citing *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989)). Under Rule 56(c) summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."

Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and "by affidavit or otherwise" designate "specific facts showing that there is a genuine issue for trial." *Robinson v. Monaghan*, 864 F.2d at 624 (quoting Fed.R.Civ.P. 56(e)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In designating specific facts, "the mere existence of *some* alleged factual dispute between the parties will not defeat an oth-

erwise properly supported motion for summary judgment" because Rule 56(c) requires "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). In order to determine which facts are material, courts should look to the substantive law in a dispute and identify the facts which are critical to the outcome. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A dispute about a material fact is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In performing the genuineness inquiry, trial courts should believe the evidence of the party opposing summary judgment and all justifiable inferences should be drawn in that party's favor. *Id.* at 255, 106 S.Ct. at 2513. A court is not "to weigh the evidence and determine the truth of the matter but [instead should] determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511.

When a party opposing summary judgment fails its burden, summary judgment "may and should be granted" if the moving party otherwise satisfies the Rule 56(c) requirements. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. Summary judgment is not to be construed as a "disfavored procedural short-cut" but should be interpreted to accomplish its purpose of isolating and disposing of factually unsupported claims and defenses. *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555. Yet, the Supreme Court also notes that trial courts should act with great caution and may deny summary judgment when it believes "the better course is to proceed to a full trial." *Anderson v. Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513.

### B.

We now turn to the substantive law underlying this dispute to determine the material facts. As this is a diversity case, we must apply Minnesota law. Here, the primary issue is whether Cora Schmidt was competent by Minnesota standards to execute the change of the life insurance beneficiary form. In Minnesota, there is a presumption of competence. *Jasperson v. Jacobson*, 224 Minn. 76, 27 N.W.2d 788, 792 (1947). Mental competence is measured at the time the party executes the document. *Sullivan v. Joint Indep. Consolid. School Dist. No. 102*, 251 Minn. 378, 88 N.W.2d 1, 4–5 (1958). In addressing a challenge to a party's competence to execute a change in a life insurance beneficiary form, the Minnesota Supreme Court has noted that "[m]ere mental weakness does not incapacitate a person from contracting. It is sufficient if he has enough mental capacity to understand, to a reasonable extent, the nature and effect of what he is doing." *Timm v. Schneider*, 203 Minn. 1, 279 N.W. 754, 755 (1938). The Minnesota courts have reiterated that the test for sufficient mental capacity to contract is "whether [the party] has the ability to understand, to a reasonable extent, the nature and effect of what she is doing." *State Bank of Cologne v. Schrupp*, 375 N.W.2d 48, 51 (Minn.Ct.App.1985) (citing *In re Estate of Nordorf*, 364 N.W.2d 877, 880 (Minn.Ct. App.1985) and *Krueger v. Zoch*, 285 Minn. 332, 173 N.W.2d 18, 20 (1969)). Hence, the material facts in this case are facts which tend to prove or disprove whether Cora Schmidt had the ability to understand what she was doing at the time the change of beneficiary form was executed.

We hold that the district court erred both in concluding that the affidavits should not be considered and that even if considered, they would not raise any issues of material fact. The district court found that Norma Koland's affidavits were filed untimely under the local rules for the District of Minnesota. Under the local rules, supporting documents of a moving party, including affidavits, needed to be filed "at least 28 days prior to the hearing." D.Minn.L.R. 7.1(b)(1). The district court determined that under D.Minn.L.R. 7.1(b)(1) the affidavits of Norma Koland, filed in separate groups on 5/31/91, 6/7/91, and 6/13/91, respectively, were not filed at least 28 days prior to the hearing scheduled for 6/21/91. The district court concluded that all of Norma Koland's affidavits were untimely and

should not be considered as documents supporting Norma Koland's motion for summary judgment.

■ While the district court may have properly determined that the affidavits were not timely filed to be considered as supporting documents, all but one of the affidavits were timely filed under the local rules as Koland's responsive documents to Minnie Schmidt's motion for summary judgment. Under D.Minn.L.R. 7.1(b)(2) responsive documents need to be filed at least 9 days prior to the scheduled hearing. Only the affidavit filed on 6/13/91 was filed less than 9 days from the hearing. We believe that all the other affidavits (other than the one filed 6/13/91) could have and should have been considered as timely filed responsive affidavits.

■ The district court noted, however, that even if it had considered the affidavits, the affidavits did not raise a genuine issue of material fact. The district court noted that competency to contract in Minnesota must be determined at the very moment the party executes the document. *Sullivan*, 88 N.W.2d at 4–5. The district court then reasoned that the affidavits Norma Koland submitted did not raise an issue of material fact regarding Cora Schmidt's competency because none of the affiants were present at the time the change of beneficiary form was executed.

We find that the district court erred in finding that the affidavits proffered by Norma Koland did not raise a genuine issue of material fact. While competency to contract in Minnesota is determined as of the moment the contract is signed, there is no requirement that incompetence be proved by evidence from witnesses present at the very moment the contract was executed. Circumstantial evidence also is a valid and acceptable means of proving competency in Minnesota. *See Krueger v. Zoch*, 173 N.W.2d at 21. The *Krueger* case specifically noted that circumstantial evidence in the record relating to the contracting party's mental and physical health, along with evidence of the party's actions over a period of several years, is the type of evidence that a number of Minnesota

courts have found sufficient to sustain a finding of incompetence. *Id.* (citations omitted). This rule is consistent with other Minnesota cases holding that "[a] fact need not be established by direct evidence, but may be competently established by adequate circumstantial evidence." *Northern States Power Co. v. Lyon Food Products, Inc.*, 304 Minn. 196, 229 N.W.2d 521, 525 (1975) (en banc) (citing *Trimbo v. Minnesota Valley Natural Gas Co.*, 260 Minn. 386, 110 N.W.2d 168 (1961)).

Here, we conclude that Norma Koland provided sufficient circumstantial evidence to raise a genuine issue about Cora Schmidt's competency to execute a change of beneficiary form. The affidavits submitted by a number of nurses attending to Cora Schmidt at the Fairview South Hospital stated that Cora Schmidt was confused, forgetful, unable to answer questions, mumbling to herself, and even incoherent in the days before the change of beneficiary form was executed. The nurses' observations constitute material facts which go directly to whether Cora Schmidt had the ability to understand what she was doing at the time the change of beneficiary form was executed. This affidavit testimony generates a genuine issue of material fact because viewed in a light most favorable to Norma Koland a reasonable trier of fact could return a decision in favor of Norma Koland on these facts.

We acknowledge that Minnie Schmidt provided substantial evidence in the form of affidavit and deposition testimony indicating that Cora Schmidt fully understood what she was doing at the time she signed the change of beneficiary form. As the district court noted, the only parties observing Cora Schmidt at the time she actually signed the form have stated in affidavits and deposition testimony that she was competent. However, as we noted earlier, a district court which is deciding a motion for summary judgment should not "weigh the evidence and determine the truth of the matter but [instead should] determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. at

249, 106 S.Ct. at 2511. We find that there is a genuine issue for trial.

Based on the foregoing reasons, we reverse the district court's decision to grant Minnie Schmidt's motion for summary judgment, we affirm the district court's decision to deny Norma Koland's motion for summary judgment, and we remand for a trial on the merits.