In re Guardianship of Cleon Thomas DAWSON, Ward.

No. C1–93–234.

Court of Appeals of Minnesota.

June 22, 1993.

Review Denied Aug. 16, 1993.

James M. Crist, Jeffrey P. Scott, Maser, Amundson & Crist, P.A., Minneapolis, for respondent Larpenteur.

John W. Provo, Sheila Therese Kerwin, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for appellant Nickens.

Thomas Bennett Wilson, III, Gayle Gaumer, Wilson Law Firm, Edina, for respondent Dawson.

Considered and decided by HUSPENI, P.J., and HARTEN, and HOLTAN *, JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the district court's order voiding a deed on the grounds of grantor's incompetence. Respondent guardian moves to strike ward's brief. We affirm, and deny the motion to strike.

## FACTS

In September 1989, Cleon Dawson signed a deed prepared by his niece, appellant Helen Nickens, which purported to transfer title to Dawson's house to Nickens, while reserving a life estate for Dawson. Dawson signed the deed in front of four witnesses, but the deed was not notarized. At the time he signed the deed, Dawson was a patient in a nursing home. Nickens was homeless, and offered to care for Dawson in exchange for title to Dawson's house.

On December 4, 1989, Nickens petitioned the Hennepin County District Court to appoint her Dawson's guardian. Two weeks after filing her petition for guardianship, Nickens asked Dawson to resign the deed before a notary. When asked by Nickens' attorney if he recognized the deed as the one he signed in September, Dawson gave only an unintelligible response. However, in response to a direct question from Nickens, Dawson indicated that he recognized the deed and signed it a second time.

Pursuant to her petition, Nickens was appointed Dawson's guardian in February 1990. The next month, Dawson's social worker petitioned to remove Nickens as

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

guardian. In November 1990, the court appointed Terrance J. Larpenteur to replace Nickens as Dawson's guardian.

In October 1991, Larpenteur moved to set aside the deed conveying Dawson's house to Nickens. Larpenteur raised claims of undue influence and fraud, as well as Dawson's incompetency. After a contested hearing, the probate court referee concluded that Dawson was incompetent to make the deed, and did not address Larpenteur's other claims. The district court affirmed the referee's findings and ordered that the deed be voided.

Nickens appealed the district court order, and both she and Larpenteur filed briefs. Subsequently, Dawson filed a brief opposing the district court's order, and Larpenteur moved to strike Dawson's brief on the grounds that Dawson had not filed a notice of appeal.

### ISSUES

1. Did the district court err in not finding that Nickens was a bona fide transferee for value?

2. Did the district court clearly err in finding that Dawson was incompetent to deed property?

3. Should this court strike Dawson's brief?

### ANALYSIS

#### I.

If a court finds that a ward entering a contract was incompetent or subject to duress, coercion, or undue influence at the time the contract was made, "the court may declare the * * * contract void *except as against a bona fide transferee for value.*" Minn.Stat. § 525.56, subd. 5 (1992) (emphasis added). Nickens claims that the district court erred in voiding the deed because she was a bona fide transferee for value. We decline to reach this issue.

■ This "court must limit its review to only those issues actually presented and decided by the trial court." *Peters v. Independent Sch. Dist. No. 657,* 477 N.W.2d 757, 760 (Minn.App.1991). In the proceedings below, both parties presented evidence and arguments bearing on whether Dawson entered a binding contract with Nickens. However, there is no evidence in the record that Nickens ever raised the bona fide transferee exception to Minn.Stat. § 525.56, subd. 5. Neither the referee nor the district court made any findings on this issue.

■ Even if we were to address on its merits the issue of whether Nickens was a bona fide transferee for value under Minn. Stat. § 525.56, subd. 5, we would conclude that she does not come within the statutory exception.

At common law, where a person is mentally incompetent at the time he executes a legal instrument, and the person taking the instrument has knowledge of that fact, the transaction is void.

*Shepard v. First Am. Mortgage Co.,* 289 S.C. 516, 347 S.E.2d 118, 119 (Ct.App.1986); *accord Stallworth v. Ward,* 249 Ala. 505, 31 So.2d 324, 326 (1947) (voiding deed on grounds of incompetency where transferee had notice that transferor was incompetent); *see also Krueger v. Zoch,* 285 Minn. 332, 335, 173 N.W.2d 18, 21 (1969) (upholding order setting aside contract for sale of land on the grounds of incompetency where transferee had notice of incompetence); *cf. Inman v. Inman,* 97 A.D.2d 864, 469 N.Y.S.2d 259, 261 (1983) ("conveyance made by a mental incompetent is not voidable against a bona fide purchaser who pays value and lacks notice"). "Ordinarily statutes are presumed not to alter or modify the common law unless they expressly so provide." *Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson,* 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965). Thus, we would conclude that a party is not a bona fide transferee for value if she has notice of the transferor's incompetence.

■ Nickens petitioned for guardianship of Dawson, and asserted in her petition that Dawson "becomes incoherent at times" and "becomes confused and disoriented to time and place." Nickens also stated that Dawson could only feed himself "if the food is prepared for him and placed in front of him." The physician's state-

ment in support of Nickens' petition for guardianship described Dawson as suffering from "organic brain syndrome with disorientation and confusion, blindness, cardiac disease, bilateral pneumonias, [and] urinary and bowel incontinence." This evidence clearly establishes that, at the very least, Nickens had notice of Dawson's incompetence. *See Krueger,* 285 Minn. at 335, 173 N.W.2d at 21 (knowledge that transferor was hard of hearing, rambled in conversation, and was unable to care for himself was sufficient to support finding that transferee had knowledge of incompetence). Accordingly, we would conclude that Nickens was not a bona fide transferee for value.

## II.

Nickens next argues that the district court erred in voiding the deed because there was insufficient evidence to support the finding that Dawson was incompetent. We disagree.

■ A trial court's factual findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01; *Gjovik v. Strope,* 401 N.W.2d 664, 667 (Minn.1987). Therefore, this court will only reverse a trial court's findings of fact if, upon review of the entire evidence, we are "left with the definite and firm conviction that a mistake has been made." *Gjovik,* 401 N.W.2d at 667.

■ The test for determining if a person is competent to enter into a contract is "whether she has the ability to understand to a reasonable extent the nature and effect of what she is doing." *State Bank v. Schrupp,* 375 N.W.2d 48, 51 (Minn.App. 1985), *pet. for rev. denied* (Minn. Dec. 13, 1985). There is sufficient evidence in the record to support the district court's finding that Dawson was incompetent at the time he made the deed. Dawson has for years suffered from a degenerative brain disorder and was unable to hold a conversation or respond to questioning both before and after the dates on which he signed the deed. Larpenteur presented no evidence as to Dawson's competence on the days he actually signed the deed. Upon review of the record as a whole, we conclude that the

trial court's finding that Dawson was incompetent when he signed the deed is not clearly erroneous. *See Gjovik,* 401 N.W.2d at 667.

## III.

Larpenteur argues that this court should strike Dawson's brief because Dawson failed to file a notice of appeal. We decline to strike.

■ A party bringing an appeal must file "a notice of appeal with the clerk of the appellate courts." Minn.R.Civ.App.P. 103.01, subd. 1. However, once an appeal has been filed, a ward has a right to be represented by counsel at any proceeding pursuant to chapter 525. *See* Minn.Stat. § 525.5501, subd. 1 (1992). The district court appointed counsel to represent Dawson at the hearing in that court. Although a ward's interests are not always adverse to those of his guardian, in this case Dawson's interests are aligned with those of Nickens. Thus, it is appropriate for this court to accept and consider the brief submitted by Dawson's attorney on his behalf, and it is within this court's discretion to order oral argument which accurately reflects the interests of the ward and the other parties to an appeal. *See* Minn.R.Civ.App.P. 134.03, subd. 3 (appellate court may adjust time for oral argument on its own motion).

## DECISION

Nickens did not raise the issue of whether she was a bona fide transferee for value below; accordingly, this court need not address her claim. The district court's conclusion that Dawson was incompetent when he signed the deed is not clearly erroneous. Larpenteur's motion to strike Dawson's brief is denied.

**Affirmed.**