_____

No. 96-1081
_____

Nationwide Mutual Insurance     *
Company,                        *
                                *
          Appellee,             *
                                * Appeal from the United States
     v.                         * District Court for the
                                * District of Nebraska.
Great West Casualty Company,    *
                                *
          Appellant.            *
                      _____

          Submitted:  September 11, 1996

            Filed:  December 19, 1996
                      _____

Before BEAM, HEANEY, and MURPHY, Circuit Judges.
                      _____

BEAM, Circuit Judge.


     Great West Casualty Company (Great West) appeals the district
court's[1] grant of summary judgment in favor of Nationwide Mutual
Insurance Company (Nationwide).  We affirm.


## I.  BACKGROUND


     In this case, two insurance companies dispute their respective
status as primary or excess insurers.  The underlying facts involve
an automobile accident in which James Peterson was killed.  LeRoy
Shotkoski, a semi-tractor driver, had been delivering farm
equipment manufactured by Behlen Manufacturing, Inc. (Behlen).
Between deliveries, two stock tanks fell off the trailer and landed
on the road.  Shotkoski did not notice the missing tanks until his

_____

     [1]The Honorable Lyle E. Strom, United States District Judge
for the District of Nebraska.

next stop. Meanwhile, Peterson, a local farmer, came upon the tanks in his own vehicle. Peterson struck the tanks, rolled his vehicle, and died in the accident.

The trailer involved was owned by Behlen[2] and was loaded with Behlen equipment, by Behlen employees. The trailer was attached to a semi-tractor owned by BMC Transportation Company (BMC). The semi-tractor was then leased to Shotkoski under the business name of K&L Enterprises. Under that agreement, Shotkoski was considered the owner/operator of the semi-tractor. Great West insured the semi-tractor and BMC under its business auto policy. Nationwide insured the trailer and Behlen under its business auto policy and its commercial general liability policy.

Shotkoski, the semi-tractor driver, was under contract with BMC to deliver Behlen equipment throughout Montana and the Dakotas. Shotkoski had picked up the trailer at the Behlen plant yard in Nebraska. After leaving the yard, Shotkoski secured the load of equipment to the trailer. He also resecured the load several times prior to the Peterson accident, after each delivery on his route.

Peterson's estate sued Behlen, BMC, and Shotkoski for wrongful death. The complaint alleged that BMC and Behlen had negligently loaded and supervised the loading of the trailer and that Shotkoski negligently secured the load. Great West defended BMC and, because of his contract with BMC, defended Shotkoski as well. Nationwide subsequently requested that Great West also defend Behlen, arguing that: (1) Behlen became a Great West insured when the trailer was attached to the semi-tractor; (2) Nationwide's coverage of the

---

[2]Behlen actually leased the trailer from G.E. Capital Fleet Services under a lease/purchase agreement. Behlen then charged BMC Transportation Company (BMC) a monthly fee, equal to its lease/purchase payment, for the use of the trailer. This interrelationship between the two companies was likely due to the fact that both Behlen and BMC were subsidiaries of Behlen Marketing, Inc.

-2-

trailer was excess when the trailer was attached to the semi-tractor; and (3) therefore, Nationwide's coverage was only implicated to the extent that Great West's coverage was insufficient to pay the judgment. Great West refused to defend Behlen so Nationwide defended Behlen under a reservation of rights agreement. Nationwide then filed a declaratory judgment action seeking a ruling that Great West had primary coverage for the Peterson lawsuit.

The declaratory judgment action was removed to federal district court in Ohio and later transferred to the District of Nebraska. Meanwhile, the Peterson lawsuit was settled for $400,000, with Great West paying $280,000 and Nationwide contributing $120,000. After the settlement, Nationwide requested reimbursement of its $120,000 contribution and the expenses incurred in defending Behlen. Great West countered that Nationwide had properly paid its part of the settlement because a Behlen employee caused the accident by supplying a faulty stake to secure the load. Great West also alleged that Behlen could not be an "insured" under its business auto policy because the policy excludes coverage for the loading and unloading of a covered auto by non-employees. Therefore, Great West argued that Behlen was only covered under the Nationwide policy.

The parties filed cross-motions for summary judgment. The district court ruled in favor of Nationwide. After first assuming that the negligence at issue occurred during the loading of the trailer, the district court found that the carrier, insured by Great West, had assumed the risk of improper loading. The court then found that Nationwide's coverage was excess and that Great West's policy provided primary coverage for the accident. Because the settlement was within Great West's policy limits, the court held that Nationwide should be reimbursed its $120,000 and the costs incurred in defending Behlen. Great West appeals.

## II.  DISCUSSION

We review the entry of summary judgment de novo.  <u>Reich v. ConAgra, Inc.</u>, 987 F.2d 1357, 1359 (8th Cir. 1993).  Summary judgment is proper only when no genuine issue of material fact is present and judgment should be awarded to the movant as a matter of law.  <u>Commercial Union Ins. Co. v. Schmidt</u>, 967 F.2d 270, 271 (8th Cir. 1992).  Applying these standards, we find no error in the district court's grant of summary judgment for Nationwide.

An insurance contract should be interpreted in the same way as any other contract.  <u>Enterprise Tools, Inc. v. Export-Import Bank</u>, 799 F.2d 437, 439 (8th Cir. 1986).  If the words are unambiguous, then they should be given their ordinary meaning.  <u>Id.</u>  The district court found that Nationwide's comprehensive general liability policy clearly excluded coverage for loading activities.  The district court then found that the business auto policies issued by both Nationwide and Great West provided coverage for the risk at issue.

Nationwide's comprehensive general liability (CGL) policy contains the following exclusion:

> This insurance <u>does not</u> apply to:
>
> . . .
>
> g.  "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

Appellant's Appendix at 84 (emphasis added).  We agree with the district court that this language excludes coverage for activities involving the use and loading of the trailer.  Therefore, by its

-4-

terms, Nationwide's CGL policy did not cover the accident at issue here.

The district court also found, however, that both the Nationwide and Great West business auto policies provided coverage for the risk involved in this accident. Its finding that Nationwide's policy covered the risk was based on Behlen's ownership of the trailer. Its finding that Great West covered the risk was due to its conclusion that Shotkoski had assumed the risk of improper loading. See, e.g., Franklin Stainless Corp. v. Marlo Transport Corp., 748 F.2d 865, 868 (4th Cir. 1984).

In finding that Shotkoski assumed the responsibility of safely securing the load, thereby sharing the risk with his employer, BMC, the district court relied on various facts. These facts showed that although the trailer was loaded by Behlen employees, they did so only to allow the trailer to be moved out of the Behlen lot. Although the Behlen employees supplied the allegedly faulty stake, there is no evidence that such stake caused the tanks to fall off the trailer, except for Shotkoski's affidavit stating that he believed the stake caused the tanks to fall. In other words, despite Behlen's initial help in securing the load, Shotkoski still assumed the risk of improper loading and maintained the duty to secure the load.[3] Furthermore, Behlen was properly treated as an insured under the Great West policy because the policy expressly provides coverage for owners of a borrowed trailer while the trailer is connected to a covered semi-tractor. Appellant's Appendix at 135.

---

[3]Great West seems to argue that because the Peterson complaint alleged improper loading on the part of Behlen, Nationwide's insured, Nationwide must pay its share of the Peterson settlement. This argument ignores the district court's finding that at all relevant times, Shotkoski had assumed the responsibility for the loading of the trailer.

-5-

We must next determine which of the two insurance policies provided primary coverage for the accident. Great West's policy provided as follows:

> This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" . . . . [W]hile a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:
>
> (1) On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto."
>
> (2) Excess if the power unit is not a covered "auto."

Appellant's Appendix at 141. The Nationwide policy contains a similar provision. Id. at 119. Because Great West provided primary coverage for the power unit here, Great West carried the primary insurance coverage for this accident. Because the $400,000 Peterson settlement was within Great West's policy limits, see id. at 126, Great West should have paid the entire settlement amount. Therefore, Nationwide should be reimbursed for its $120,000 contribution.

Finally, despite Great West's claims to the contrary, the district court properly awarded Nationwide its costs, expenses and attorney fees for defending the Peterson lawsuit, following a proper analysis of the reasonableness of those amounts. We have considered the remainder of Great West's arguments and find them to be without merit.

## III. CONCLUSION

Because the district court correctly granted summary judgment in favor of Nationwide, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.