## ROBERT MᶜKEE *v.* GEORGE THOMPSON.

THE declaration ſtated, that the defendant's father was indebted to the plaintiff 17*l.* 7*s.* 3*d.* that the defendant, *his executor*, referred the claim to arbitrators, who made an award in favour of the plaintiff; and that the defendant *as executor as aforeſaid* promiſed to pay. The pleas were *non aſſumſit* and payment, and *non aſſumſit infra ſex annos.*

It appearing on the evidence, as ſtated in the declaration, that the debt was not the debt of the defendant, but of his father, whoſe executor he was ; that the reference was entered into by the defendant *as executor* ; and that the award was againſt him *as executor* ;

*Woods,* for the defendant, moved for a nonſuit.

*Young,* for the plaintiff. The defendant might have demurred; but having pleaded to iſſue, muſt now move in arreſt of judgment.

PRESIDENT. For a variance between the count and the evidence, the court may direct a nonſuit. But for

a variance between the count and the writ, the defendant muft demur, plead in abatement, or move in arreft of judgment. This is a variance between the count and the writ; the writ charging the defendant perfonally, and the count charging him as executor. The defendant has neither pleaded in abatement, nor demurred; but pleaded to iffue. This iffue muft be tried. The evidence fupports the allegations in the declaration. The jury may find a verdict againft the defendant as executor; and the defendant may move in arreft of judgment.

The jury found a verdict againft the defendant *as executor* for 17*l.* 7*s.* 3*d.*

A motion in arreft of judgment was made; and a rule to fhew caufe was entered. It was not argued till *December* term, 1793.

*Young*, for the plaintiff, fhewed caufe againft the motion.

An executor is bound by a promife to pay, though he has no affets.

The addition of *executor* will be rejected as furplufage. *Brown v. Dunnery——Wallis v. Lewis.*

The reference was as executor; fo is the declaration. It is according to the truth of the cafe.——*King v. Thom.*

If an executor refer a difpute to an arbitration, he is bound by the award; and cannot afterwards plead *plene administravit.——Barry v. Rufh.* And the verdict being againft the defendant *as executor*, cannot alter the legal effect of the award on the fubmiffion.

*Woods*, for the rule. The cafes only fay, that, where there is a promife, the executor fhall not fay, there are no affets. The cafe of *Barry v. Rufh* does not fay, that a judgment can be given, though the writ be againft a defendant perfonally, and the declaration againft him as executor. No cafe fays fo: and there is a material difference between an action againft a defendant perfonally, and againft him as executor.

PRESIDENT. Juftice *Buller* determines the cafe of *Barry v. Rufh* on this point, that it was an action on a bond, by which the defendant bound *himfelf,* his *heirs, executors, &c.* to pay; an exprefs, folemn, and perfonal promife. I think this the true ground of the decifion. But if the doctrine laid down by Juftice *Afhurft* can be extended generally to all cafes, and if our opinion fhould

*Swinb,* 395.
*Bane's cafe,* 9
*Co.* 03.
*Wheeler v.*
*Collier, Cro.*
*El.* 406.
*Hob.* 208. 2
*Ld.Ray* 1215.
2 *Efp.* 23.
1 *Ventr.* 119.
1 *T. Rep.*487.
1 *T.Rep.*691.

be againſt the plaintiff in this motion; we may, on his motion (on the ground, that the ſubmiſſion and award amounts to an admiſſion of aſſets, or a promiſe, on conſideration, to pay) ſet aſide the verdict, as contrary to the legal effect of thoſe facts. For, (on this ground) the declaration would, in effect, ſtate a perſonal promiſe, and would not vary from the writ. Juſtice, as well as true intereſt, ſeems to ſuggeſt, that the defendant ought to ſettle this matter out of doors, without more delay.

NOTE.—The caſe of *Pearſon v. Henry,* which denies, that a reference, by an executor or adminiſtrator, to an arbitration, is, of itſelf, an admiſſion of aſſets, was not known here, when the preceding caſe was argued. However, no deciſion was called for; as the defendant gave judgment, with ſome delay of execution.