# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1711SD

_____

| | | |
|---|---|---|
| Planned Parenthood of Minnesota/South Dakota, and Peter D'Ascoli, M.D., | * * * * | |
| Appellees, | * * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District of |
| | * | South Dakota. |
| M. Michael Rounds, Governor, and Lawrence Long, Attorney General, in their official capacities, | * * * | |
| | * | |
| Appellants. | * | |

_____

Submitted: February 9, 2004

Filed: June 21, 2004

_____

Before RILEY and RICHARD S. ARNOLD, Circuit Judges, and HOVLAND,[1] Chief District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

Defendants appeal from the District Court's adverse grant of summary judgment, arguing, among other things, that the District Court erred in holding that

_____

[1]The Hon. Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

hospitals are available in South Dakota for abortions. This was the key to the District Court's treatment of the case, leading, in the view of that Court, to a holding that the South Dakota statute placed an undue burden on the right to choose between abortion and live birth. In our view, this record does not support a conclusion that hospitals in South Dakota are available for abortions. We therefore reverse and remand for further proceedings described later in this opinion.

## I.

Plaintiffs, Planned Parenthood of Minnesota/South Dakota and Peter D'Ascoli, M.D., filed suit in the District Court, alleging that South Dakota Codified Laws §§ 34-23A-4,[2] 34-23A-6,[3] and 22-17-5[4] are facially unconstitutional. Plaintiffs' original complaint alleges that these statutory provisions violate the Due Process Clause of the Fourteenth Amendment by imposing an unconstitutional burden on a woman's right to seek an abortion and by imposing strict liability on abortion providers.

After finding that Planned Parenthood and Dr. D'Ascoli had standing and that the issues were ripe for review, the District Court granted summary judgment to plaintiffs, holding that the statutes were unconstitutional because § 34-23A-4 —

---

[2]The relevant portion of this statute provides: "[a]n abortion may be performed following the twelfth week of pregnancy and through the twenty-fourth week of pregnancy by a physician only in a hospital . . . or in the case of hospital facilities not being available, in a licensed physician's medical clinic or office of practice subject to the requirements of §34-23A-6 [blood supply requirements]." S.D. Codified Laws § 34-23A-4.

[3]South Dakota Codified Laws § 34-23A-6 requires "a facility which has a blood bank or a sufficient supply of blood immediately available . . .."

[4]This statute provides: "[a]ny person who performs, procures or advises an abortion other than authorized by chapter 34-23A is guilty of a Class 6 felony." S.D. Codified Laws § 22-17-5.

requiring abortions to be performed in a hospital if one is available — is an undue burden and because § 22-17-5 lacks a scienter requirement and imposes strict liability. This appeal followed. The State appeals only that portion of the District Court's judgment declaring § 34-23A-4 unconstitutional and does not challenge the District Court's holding that § 22-17-5 is unconstitutional.

## II.

The District Court began its analysis by stating that "[§] 34-23A-4 mandates that abortions following the twelfth week of pregnancy be performed in a hospital rather than an outpatient clinic." Planned Parenthood v. Janklow, 216 F. Supp. 2d 983, 992 (D. S.D. 2002). This conclusion followed from the District Court's determination, made on summary judgment, that abortions are available in a hospital in South Dakota. S.D. Codified Laws § 34-23A-4. Next, the District Court analyzed extensively whether Planned Parenthood v. Casey, 505 U.S. 833 (1992), overruled Akron v. Akron Center for Reproductive Health, Inc., 462 U.S. 416 (1983), which invalidated an ordinance requiring hospitalization for women seeking second-trimester abortions. After determining that Casey did not overrule Akron, the Court held that § 34-23A-4 "is an undue burden and an unnecessary infringement upon a woman's constitutional right to an abortion." Janklow, 216 F. Supp. 2d at 993. In so doing, the Court held that "[b]ecause hospital facilities are *available* in South Dakota, the alternative for an abortion in a clinic that has access to a blood supply is not an option." Ibid. (emphasis added). Finally, the Court noted that because the " 'blood bank' requirement cannot be severed from the hospitalization requirement . . . the entire statute must fail." Ibid.

Subsequently, in denying the defendants' motion for new trial or amendment of the judgment, the District Court stated:

> [t]he court's conclusion that hospitals are available for abortions . . . is based on the undisputed evidence that approximately twenty abortions have been performed at Sioux Valley Hospital during the past four years. Sioux Valley Hospital permits second trimester abortions to be performed in the hospital when continuing the pregnancy would significantly endanger the woman's life or health or when the fetus has a lethal, medical condition. For at least a number of women, therefore, Sioux Valley Hospital "is available" for second trimester abortions. Because a hospital is available in South Dakota, at least for women who meet the Sioux Valley Hospital criteria, the court did not commit an error of fact . . ..

Planned Parenthood v. Janklow, No. 02-4009 (D. S.D. Feb. 13, 2003), Add. 24.[5] The District Court also noted that the "[d]efendants failed to argue in their response to plaintiffs' motions for summary judgment that hospitals were not available, even though plaintiffs raised the issue in their motion." Id. at 25. Finally, the District Court found that even if the finding that hospitals were available was erroneous, § 34-23A-4 was void for vagueness. Id. at 31. Despite the fact that the Court itself reached the conclusion that Sioux Valley Hospital was "available," the District Court held that a reasonable physician would not know when he could perform an abortion outside a hospital because there is no easily discernible meaning of the term "available." Id. at 29.

### III.

We review the District Court's grant of summary judgment de novo. Riedl v. General Am. Life Ins. Co., 248 F.3d 753, 756 (8th Cir. 2001). Summary judgment

---

[5]With the 24 abortions performed in the hospital during 1997 to 2000, compare the 3,186 abortions performed at the Planned Parenthood Clinic within the same time period.

is proper when "there is no genuine issue as to any material fact" such that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once a party has filed a motion for summary judgment, the burden shifts to the non-moving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.' " Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment." Id. at 272.

The question whether hospitals, or a hospital, are available for abortions in South Dakota is the key to further analysis of this case. If a hospital is available, patients must go there, and the continuing validity of Akron, after Casey, would have to be decided. This is the path the District Court took. In that Court's view, all of the evidence in the record was to the effect that hospitals are available. If, on the other hand, hospitals are not available, patients may avail themselves of a clinic, but any such clinic must meet the blood-supply requirements of South Dakota Codified Laws § 34-23A-6 ("a blood bank or a sufficient supply of blood [must be] immediately available"). Here, the District Court took the view that all of the evidence in the record was to the effect that hospitals are available. Accordingly, there was no genuine issue of material fact, and, the Court having taken the additional step of holding that Akron is still good law, summary judgment was entered, holding the statutes unconstitutional on their face.

With respect, our reading of the record is different from that of the District Court. The plaintiffs' complaint itself alleges that "[i]n South Dakota, abortions are virtually unavailable in hospitals. There is only one hospital — Sioux Valley Hospital — that has reported to the State that abortions have been performed at their facilities. Sioux Valley Hospital will allow abortions only under very limited circumstances, *i.e.*, when the woman's life or health would be significantly endangered by continuing the pregnancy, or when the fetus appears to have serious

and uncorrectable medical conditions or genetic disorder." App. 17. Plaintiffs' first and second amended complaints contain the same allegations. Id. at 58, 250. These pleadings also allege that "Planned Parenthood's Sioux Falls clinic is the only outpatient clinic providing abortions in the state of South Dakota." Ibid. The first and second amended complaints allege that "[a] South Dakota woman who is unable to secure an abortion at Planned Parenthood must travel long distances out of state to obtain such medical care." Ibid. These two allegations taken together must mean that there is no hospital that performs abortions in South Dakota. Furthermore, plaintiffs filed the affidavit of Dr. D'Ascoli, wherein he stated, "It is my understanding that Planned Parenthood is the only recognized provider of abortion services in the state of South Dakota." Id. at 24. Dr. D'Ascoli also stated, "To my knowledge, there is only one hospital in the state of South Dakota — Sioux Valley Hospital — that has reported to the State that abortions have been performed at their facilities. I believe, however, that Sioux Valley Hospital will allow abortions only under *very limited circumstances . . . I do not believe, therefore, that women in South Dakota have the option of seeking abortion services in a hospital in South Dakota*." Id. at 25 (emphasis added).

In plaintiffs' application for a temporary restraining order and motion for preliminary injunction, plaintiffs state:

> *Planned Parenthood is the only recognized provider of abortion services in the State of South Dakota . . .* A South Dakota woman who is unable to secure an abortion at Planned Parenthood must travel out of state to secure such medical care. Hospitals in South Dakota *very rarely* allow the performance of abortions. In fact, there is only one hospital — Sioux Valley Hospital — that has reported to the State that abortions have been performed at their facilities. And that facility will only allow abortions where there are severe health or life risks to the woman or in the case of fetal anomoly [sic]. Therefore, *women in South*

-6-

*Dakota do not have the option of seeking abortion services in a hospital in South Dakota.*

Id. at 32 (emphasis added).

Moreover, plaintiffs' motion for summary judgment and statement of material undisputed facts states that "[i]n South Dakota, only one of the state's sixty-six counties has a recognized provider of abortion services — and that provider is Planned Parenthood." Id. at 66, 90. Defendants admitted this statement as true. See id. at 220. Logic tells us that if there is only one provider of abortion services and that provider is Planned Parenthood, then no hospital provides abortions in South Dakota.

Despite all of these statements in the pleadings and motions, the plaintiffs' reply brief in support of their motion for summary judgment stated that "[d]efendants have never stated that it is their position that hospital facilities are unavailable; nor have they given any indication of what it means for a hospital to be 'available.' " Id. at 227b. Plaintiffs cannot place the burden on the defendants to prove whether hospitals are available. Plaintiffs brought suit alleging that the South Dakota statute was facially unconstitutional, and therefore they have the burden of proving whether hospitals are available in South Dakota. Plaintiffs' complaint and supporting affidavits contend that hospitals are *unavailable*, and defendants agreed with this fact. Defendants never had the burden of proving unavailability.

The pleadings and affidavits lead to only one conclusion — hospitals are for all practical purposes unavailable for abortions in South Dakota. Although the plaintiffs' reply brief tries to ignore their earlier pleadings and supporting affidavits, the plaintiffs cannot create an issue of material fact merely by contradicting their earlier statements. See Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988) (holding that generally conflicts in testimony are matters for a jury, but a

-7-

District Court may grant summary judgment when the sudden change in testimony is to create an issue of material fact where none existed previously).

Because we hold that hospitals are not available for purposes of § 34-23A-4, we reverse the District Court's grant of summary judgment.

IV.

In denying the defendants' motion for summary judgment, the District Court held that even if hospitals were unavailable, the statute was unconstitutionally vague. It seems odd to us that the parties can agree on the meaning of a term as applied to the facts of the present case, and the District Court itself can apply the term by holding there is no genuine issue of fact as to availability, but yet hold the term unconstitutionally vague.

In any event, there is no substantial evidence in the present record to show that hospitals, in any meaningful sense of the word, are "available" for abortions after the twelfth week. When both sides agree to the meaning of a particular word, we do not see how either side can say, in good faith, that it was unable to understand the meaning of that word. Accordingly, the vagueness argument, in the peculiar configuration of the record before us, is without merit.

V.

Accordingly, the summary judgment entered in favor of plaintiffs, which is based on a holding that there is no genuine issue of fact as to availability, and that hospitals, as a matter of law, are available, must be reversed. It is clear on this record that hospitals are not available. Analysis of the case must, therefore, proceed to the clinic stage, as it were. South Dakota law permits abortions in clinics, but only if a blood-supply requirement is met. Plaintiffs will no doubt argue that the blood-supply

requirement creates an undue burden and is therefore unconstitutional. The District Court has not reached this issue, and neither do we. It should be addressed on remand.

The judgment of the District Court, and the injunction entered by it, are reversed, and this case is remanded to that Court for further proceedings consistent with this opinion.

It is so ordered.

_____